## DAVIS v STATE

Ohio Appeals, 7th Dist, Mahoning Co

Decided May 2, 1935

Harry Evans, Youngstown, for plaintiff in error.

J. H. Leighninger, Prosecuting Attorney, Youngstown, for defendant in error.

## OPINION

By CARTER, J.

A number of grounds of error are set out in the petition in error. However, taking the view that this court does of this case, it becomes necessary to dispose of but one, to-wit, the claim of irregularity of the proceedings of the trial court. The accused elected to proceed under and by virtue of §13448-2 GC, which provides, in part, that,

"If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witness, determine the degree of the crime and pronounce sentence accordingly."

This section was in full force and effect and had been for a great many years, at the time §13442-5 GC was enacted. The latter section become effective in the year 1933.

Sec 13442-5 GC provides that,

"In any case where a defendant waives his right to trial by jury and elects to be tried by the judge of such court as provided in the next preceding section, any judge of the court in which such cause is pending shall have jurisdiction to, and shall proceed to hear, try and determine such cause in accordance with the rules, and in like manner as if such cause were being tried before a jury; provided, however, that if the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of said court if there be such officer, and in case there is neither presiding judge nor chief justice, by the chief justice of the Supreme Court of Ohio. Such judges or a majority of them shall have power to decide all questions of fact

and law arising upon the trial, and render judgment accordingly; and provided further, that if the accused plead guilty of murder in the first degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly. In rendering judgment of conviction of an offese punishable by death upon the plea of guilty or after trial by the court without the intervention of a jury the court may extend mercy and reduce the punishment for such offense to life imprisonment in like manner as upon recommendation of mercy by a jury."

Now, it is the claim of the accused in this case that §13448-2 GC has been repealed by reason of the provision of §13442-5 GC, at least to the extent that a single judge has no jurisdiction now to proceed under said section where the offense charged is murder in the first degree, but that compliance must be had with §13442-5 GC wherein three judges are to examine the witnesses and determine the degree of the crime and pronounce sentence accordingly.

The question presented to this court for determination is, can a single judge, under the provisions of §13448-2 GC, in case the offense charged is murder, and the accused is convicted by confession in open court, examine the witnesses and determine the degree of crime and pronounce sentence accordingly, or is that section repealed, or at least modified, by the provisions of §13442-5 GC, wherein provision is made to the effect that if the accused pleads guilty to murder in the first degree, a court of three judges, as in that section provided, shall herein determine the degree of crime. In the case at bar the provisions in §13448-2 GC were followed. A single judge heard the witnesses and determined the degree of crime. It will be observed that §13448-2 GC provides what procedure shall be followed when murder is charged and the accused is convicted by a confession in open court.

Sec 13442-5 GC provides the procedure to be followed in case the accused pleads guilty to first degree murder. §13448-2 GC appears to deal with an accused where the offense charged is murder and he is convicted by confession in open court. §13442-5 GC provides that if the accused plead guilty to murder in the first degree, the court, composed of three judges as herein provided, shall examine the witnesses and determine the degree of crime and pronounce sentence accordingly.

It is clear to this court that a judicial confession to the commission of a crime as provided in §13448-2 GC and a plea of guilty to a crime as provided in §13442-5 GC are synonymous.

A confession is an admission of the commission of the crime charged. A plea of guilty is a confession to the crime charged.

Now, the purpose of the enactment of §13442-5 GC was to take the responsibility from the shoulders of a single judge and place it upon the shoulders of three judges. No doubt this is what the Legislature sought to do in the later enactment. It is hardly conceivable that the Legislature intended such to be effective only on a plea of guilty as provided in §13442-5 GC and not effective wherein there was a judicial confession of the commission of such a crime.

In the case of Craig v State, 4 Oh St, 415, the syllabus is as follows:

"The provisions of §7316, Revised Statutes, which provide that 'if the offense charged is murder, and the accused be convicted by confession in open court, the court shall examine the witnesses, and determine the degree of the crime, and pronounce sentence accordingly'."

In this case the accused was indicted for the crime of murder in the first degree. He was afterwards arraigned and plead not guilty. A jury was drawn, summoned and in attendance for his trial, when, in open court, by leave thereof, and by the advice of counsel, he withdrew his plea of not guilty in the following words:

"And thereupon the defendant, Charles Craig, after being fully advised in the premises by his counsel, and being cautioned by the court, pleaded guilty as charged in the indictment herein."

The court thereupon proceeded, under §7316 of the Revised Statutes, which is now §13448-2 GC, to hear evidence and determine the degree of the crime and pronounce sentence accordingly. He heard the evidence and found the grade of the homicide to be murder in the first degree, and sentenced the prisoner to suffer death.

Now, it will be observed that in §7316 of the Revised Statutes, no provision is made where the accused pleads guilty. However, the court, in passing on this case, used this language:

"In the case before the court, the indictment charged upon the accused, both deliberation and premeditation. The plea of guilty was, in its nature, as much a judicial confession of the truth of those two allegations as of any other contained in the indictment, and but for the provisions of §7316, Revised Statutes, making it the duty of the court to hear witnesses and determine the degree of the offense, would have warranted a capital sentence. That provision, therefore, confers upon the accused a benefit, instead of depriving him of a right, by forbidding that extreme sentence, which would otherwise follow his plea, until the court hears evidence and ascertains that it is warranted by the facts as well as by the plea."

This is the antithesis of the case before this court. In the case of Craig v State, the accused entered a plea of guilty to murder in the first degree. No provision was made in §7316 of the Revised Statutes for a hearing of witnesses where an accused pleads guilty, but deals only in cases where there is a judicial confession. However, the court approved of the course pursued by the court in that case. In the case at bar, §13442-5 GC makes provision that three judges shall hear witnesses in case the accused pleads guilty to murder in the first degree and determine the degree of crime, and no provision is made for a hearing by three judges where there has been a judicial confession. In the case of Craig v State, supra, the court, by inference at least, holds that a plea of guilty and a confession are one and the same thing.

It is the view of this court that the later enactment,—that is §13442-5 GC, repeals, or at least modifies, §13448-2 GC to the extent that when there is a judicial confession, as provided in §13448-2 GC, a single judge has no jurisdiction to determine the degree of the crime and pronounce sentence accordingly, but that resort must be had in such case to the provisions of §13442-5 GC, and that the sole jurisdiction to hear witnesses and to determine the degree of the crime in such a case is committed to three judges as therein provided, and that a single judge has no such jurisdiction. This being true, the acts of the court in the instant case were void, and this is so even though the accused entered his confession under §13448-2 GC, and urged the court to proceed under that section.

Coming to this conclusion, it becomes unnecessary to dispose of the other errors assigned.

Cause reversed and remanded to the lower court for further proceedings as provided by law.

ROBERTS and NICHOLS, JJ, concur.