**KNIGHT, In re, Ex Parte.**

Ohio Appeals, Second District, Franklin County.

No. 3658.   Decided February 29, 1944.

Abraham Gertner, Columbus, Frank J. Collopy, Columbus, Jack F. Young, Columbus, for petitioner.

Thomas J. Herbert, Atty. General, Columbus, D. R. Tate, Asst. Atty. General, Columbus, Rex W. Hanna, Prosecuting Attorney, Kenton, for respondent.

**OPINION**

By HORNBECK, J.

This proceeding in habeas corpus was originally instituted by the petitioner, a prisoner in the Ohio Penitentiary, and with it was filed an affidavit of indigency. This Court, on its own motion, brought the case to the attention of the Columbus Bar Association which, through its president, provided the counsel who have represented the petitioner throughout the presentation of the cause. Counsel filed an amended petition to which the respondent, Frank D. Henderson, Warden of the Ohio Penitentiary, filed his return to which is attached Exhibit A, copy of the indictment of the petitioner, Exhibit B, copy of journal entry of his conviction and sentence, and Exhibit C, a copy of his commitment.

The following facts are also stipulated subject to their materiality, relevancy and competency, "that the * * * Judge of the Court of Common Pleas of Hardin County, alone, sentenced petitioner to the penitentiary on the 16th day of July, 1934, on the charge of murder in the first degree for unlawfully and purposely killing Loyal W. Bean, in perpetrating or attempting to perpetrate a robbery. The case was not tried before a jury. The case was not tried by a court composed of three judges. No other judges * * * were present." This proffered testimony will be admitted, although we are satisfied that it sets forth no facts which may not be found, or properly inferred, from the exhibits which are before the Court.

The essential facts appearing are that the petitioner at the April term, 1934, of the Hardin County Court of Common Pleas, was indicted for murder alleged to have been committed on the 26th day of May, 1934, in said county. The first count was a charge of murder in perpetrating a robbery; the second

county, of murder in attempting to perpetrate a robbery. Thereafter, the exact time does not appear but, between the date of the return of the indictment and July 16, 1934, the following appears in a journal entry of said court:

"This day came the Prosecuting Attorney, Harry I. Kaylor, and the defendant Richard Knight, in the custody of the Sheriff with his attorney, into open court and the clerk then clearly read the indictment, who, upon being arraigned thereon for plea thereto said, 'he is guilty of murder in the first degree with mercy', which plea was accepted by the Prosecuting Attorney.

"The court ordered that the defendant be imprisoned in the Ohio Penitentiary during his natural life and pay the costs of prosecution."

The sentencing entry, as above, is signed by the trial judge.

It is recognized that habeas corpus is the appropriate remedy to obtain discharge from imprisonment under a judgment rendered by a court without jurisdiction. **20 O. Jur. 429,** and many Ohio cases there cited.

"The only pertinent inquiry in a proceeding to obtain a discharge from custody imposed by a court is whether a court or judge had jurisdiction." **20 O. Jur. 496,** and Ohio and Federal cases there cited.

**Section 12165 GC** provides:

"If it appears that the person alleged to be restrained of his liberty is in custody of an officer under process issued by a court or magistrate, or by virtue of the judgment or order of a court of record, and that the court or magistrate had jurisdiction to issue the process, render the judgment, or make the order, the writ shall not be allowed; * * *."

At the time of the commission of the alleged offense and on the date of the above journal entries, §§13442-4 and **13442-5 GC** were in effect and it is claimed by petitioner that the latter section was controlling of the proceedings with respect to the indictment, plea, conviction and sentence and that as it was not observed, the trial judge was without jurisdiction to sentence the petitioner.

**Section 13442-4** provides:

"In all criminal cases pending in courts of record in this state, the defendant shall have the right to waive a trial by

Errata:—The first word on this page should be "count" instead of "county".

jury, and may, if he so elects, be tried by the court without a jury. Such waiver and election by defendant, shall be in writing, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: * * *."

**Section 13442-5** provides:

"In any case where a defendant waives his right to trial by jury and elects to be tried by the judge of such court as provided in the next preceding section, any judge of the court in which such cause is pending shall have jurisdiction to, and shall proceed to hear, try and determine such cause in accordance with the rules, and in like manner as if such cause were being tried before a jury; provided, however, that if the accused is charged with an offense punishable with death, he shall be tried by a court to be composed of three judges consisting of the judge presiding at the time in the trial of criminal cases and two other judges to be designated by the presiding judge or chief justice of said court, if there be such officer, and in case there is neither presiding judge or chief justice, by the chief justice of the supreme court of Ohio. Such judges or a majority of them shall have power to decide all questions of fact and law arising upon the trial, and render judgment accordingly; and provided further, that if the accused plead guilty of murder in the first degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly. In rendering judgment of conviction of an offense punishable by death upon plea of guilty or after trial by the court without the intervention of a jury the court may extend mercy and reduce the punishment for such offense to life imprisonment in like manner as upon recommendation of mercy by a jury."

A mere casual reading of these sections is convincing that they have no application whatever to that which was done in the instant case. It will be noted that §13442-4 GC not only accords to the defendant the privilege of waiving a jury trial and of electing to be tried by the court without a jury but sets up the form in which, or in substance, such waiver and election shall be executed. This waiver of the right to a jury trial and election, as therein provided, is a prerequisite of, and essential to the application of §13442-5 GC as found in the first sentence thereof. In the instant case there was no observance

by the defendant of the provisions of §13442-4 GC, and such procedure was not applicable to that which it was the purpose of all parties to accomplish.

The proceedings had preliminary to, and at the time of sentence of petitioner, may not be referable to §13442-5 GC, and no court was thereby vested under that section with authority to exercise any jurisdiction whatsoever respecting petitioner's plea. If such plea, and the proceedings succeeding it are to be given validity, it must be done by virtue of some section of the code other than §13442-5 GC.

The record clearly exemplifies what the petitioner desired to do at the time he entered his plea. He was represented by counsel, the state, by the prosecuting attorney, and the judge who pronounced sentence acted impartially between the parties. The petitioner did not want a trial by any tribunal. He desired only to enter a plea of guilty if it be qualified with mercy. He proffered such a plea. His counsel advised and acceded to this procedure and the prosecuting attorney accepted it. The court pronounced sentence upon his confession

But for §13442-5 GC there is no section other than §12400 GC, wherein a recommendation of mercy upon conviction of murder in the first degree is specifically recognized or given consideration. There is no section which specifically permits the unqualified plea of guilty of murder in the first degree carrying the death penalty, or of a plea such as entered in this case.

**Section 12400 GC** defining murder in the first degree provides the manner in which a jury may determine whether or not it shall recommend mercy. In all instances where the question is submitted upon trial under said section, such recommendation is solely for the jury which must consider the evidence in the case, the character of the crime and attending circumstances as a basis upon which to determine whether or not it will recommend mercy. **Howell v State, 102 Oh St 411; State v Caldwell, 135 Oh St 424; Shelton v State, 12 Oh Ap 376; Ashbrook v State, 49 Oh Ap 298.** These two sections, 13442-5 and 12400 GC, provide the only statutory authority for a determination of a recommendation of mercy in a finding, or verdict, of guilty of murder in the first degree. Both are predicated upon a trial and neither makes any provision whatever for such determination without a trial as therein provided.

**Section 13448-2 GC** provides, in part:

"If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime and pronounce sentence accordingly."

This statute was a part of the Code when §13442-5 GC was enacted and was enacted at the same time and effective the same date as §13442-4 GC and they should be construed in pari materia in so far as possible.

A new concept of the degree encompassed in the crime of murder appears in §13442-5 GC, wherein the statute says:

"If the accused plead guilty of murder in the **first** degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly."   (Emphasis ours.)

It follows that if mercy is recommended it constitutes another and lower degree of first degree murder.

Inasmuch as a recommendation of mercy is treated as a degree of first degree murder under §13442-5 GC, may §13448-2 GC, from which we have quoted, vest a single judge with power to enter judgment of such conviction by confession in open court. The statute contemplates that the judge shall examine witnesses but this, in probability, could be waived, inas much as the gist of the section is that he may determine the degree of crime and pronounce sentence accordingly. We do not believe that the section will bear the interpretation either that the judge could accept a plea by confession of guilty of murder in the first degree with mercy or that the court has the power upon hearing the witnesses to recommend mercy. This authority in our judgment is vested only by the two sections which we have heretofore discussed, namely, §§13442-5 and 12400 GC.

Chief Justice Marshall in **State v Habig, 106 Oh St 165,** in discussing §12400 GC and §13692 GC, now §13448-2, said that they should be construed as to harmonize their operation, and further:

"It was the undoubted legislative intent that all persons guilty of murder in the first degree, whether so found by the verdict of a jury or established by confession in open court, should have mercy if the facts and circumstances warranted it. This authority was in terms conferred only upon the jury

but §13692 confers upon the court certain powers which render the action of a jury unnecessary. The accused has confessed his guilt of homicide thereby waiving the determination of a jury on that question, but has not waived all consideration of the question of mercy. No legislative provision having been made for empaneling a jury after a confession of guilt in open court, it must be held that the legislature intended that all functions of the jury that could be exercised in defendant's behalf might lawfully be exercised by the court."

Thus, if §13442-5 GC had not later been enacted there would be presented a stronger case in support of the action of the court on the plea entered by the petitioner.

It has been held in **Davis v State, 19 Abs 382,** that where there has been a judicial confession by way of a plea of guilty of murder in the first degree a single judge has no jurisdiction to determine the degree of crime, and that the judicial confession to commission of a crime as provided in §13448-2 GC, and the plea of guilty to crime as provided in §13442-5 GC, are synonymous.

Petitioner cites Johnson v Zerbst, Warden, etc., 304 U. S. 458, 58 S. C. R. 1019, which is of value because it is one of the most recent pronouncements of our United States Supreme Court upon habeas corpus and makes distinction between those cases wherein it is the remedy rather than a review by appeal or on error. The opinion gives emphasis to the right of a petitioner to avail himself of the writ of habeas corpus, which is a collateral attack on the judgment where the trial court is without jurisdiction of the subject matter or the person and even though appeal or error would have been available. In the cited case the trial judge had denied the writ because of the opinion that the proceedings upon which the petitioner predicated his prayer for relief by habeas corpus merely constituted trial errors or irregularities which should have been corrected on appeal. The court, through Justice Black, concludes that because a right guaranteed the defendant under the constitution had been abridged the court had no jurisdiction to pronounce sentence upon his conviction. In the cited case there was no question that the court, as constituted, had jurisdiction both of the person of the defendant and the subject matter involved but by reason of the proceedings, wherein it was claimed the defendant was denied his constitutional right to have the as-

sistance of counsel for his defense, a jurisdictional bar to a valid conviction and sentence was set up. The analogy between the cited case and the instant case is found in the conclusion that jurisdiction to pronounce sentence may be lost if constitutional provision is not observed. Here it is statutory procedure essential to jurisdiction which was not followed.

It is evident from what we have heretofore said, under the authorities cited and in the light of the language of the section, 13442-5 GC, if the Common Pleas Judge who pronounced the judgment of conviction and sentenced the petitioner, acted under this section or §13448-2 GC, he was without jurisdiction to entertain the plea tendered or to act upon it in any manner whatever.

It is fundamental that one may waive the jurisdiction of the person but cannot by consent waive jurisdiction of the subject matter.

If the court is without authority to render the judgment in question, it cannot be sustained on the ground of consent thereto. The Common Pleas Court has only such jurisdiction as is conferred upon it by law. The right of one charged with murder in the first degree to a recommendation of mercy is vested in a jury, or in a court as constituted by §13442-5 GC. State v Habig, 106 Oh St 151.

We might well quote from Judge Jones' opinion as to the source of jurisdiction in criminal causes, found in State v Smith, 123 Oh St 241:

"The definition and punishment of crimes and the method of criminal procedure are those and only those sanctioned by the state, and are embodied in its criminal legislation. Since the judge had only such jurisdiction as given him by law, he was required to follow the mandate of the statute."

The petitioner is held upon mittimus predicated upon a sentence of judgment of conviction of murder in the first degree with mercy entered upon a plea to that effect. The plea is one unknown to the law. The judge who accepted the plea as tendered had no jurisdiction to entertain it, to enter judgment thereon nor to pronounce sentence on the judgment and such sentence and judgment are void and the imprisonment of the petitioner illegal. The writ must be allowed as prayed.

BARNES, P. J., and GEIGER, J., concur.