THE STATE OF OHIO, APPELLEE, *v.* KNIGHT, APPELLANT.

(No. 364—Decided July 7, 1945.)

*Mr. Rex W. Hanna,* prosecuting attorney, and *Mr. Harry I. Kaylor,* for appellee.

*Mr. W. B. Price* and *Mr. E. B. Wetherill,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hardin county, Ohio.

Defendant, appellant herein, Richard Knight, together with Ben Curl and Glenn Neal, were jointly indicted for murder in the first degree while attempting to perpetrate a robbery, by the grand jury at the April 1934 term of the Common Pleas Court of Hardin county, Ohio.

In the certified copy of docket entries in the case the following entry appears under date of July 14, 1934:

"Deft. Richard Knight arraigned, ind. read, plead guilty. J. R. Stillings appointed to represent him. Court heard testimony finding him guilty of murder in the first degree with mercy ordered that he be confined

in penitentiary of state during his natural life and that he pay the costs of pros. J. R. Stillings allowed $100 for representing said deft.''

In the certified copy of journal entries, under date of July 14, 1934, the following entry appears:

"The court find that the defendant was in indigent circumstances and unable by reason thereof to employ counsel, having appointed J. Ray Stillings as counsel for his defense.

"This day came the prosecuting attorney, Harry I. Kaylor, and the defendant Richard Knight, in the custody of the sheriff with his attorney, into open court and the clerk then clearly read the indictment to the defendant, who, upon being arraigned thereon for plea thereto saith, 'he is guilty of murder in the first degree with mercy,' which plea was accepted by the prosecuting attorney.

"The court ordered that defendant be imprisoned in the Ohio Penitentiary during his natural life and pay the costs of prosecution. The court having heretofore appointed J. Ray Stillings as counsel for his defense allow him for his services the sum of One Hundred and No/100 ($100) dollars, and order that the same be certified to the county auditor for payment.''

On April 1, 1944, as will be hereinafter noted, the journal entry above mentioned was corrected by *nunc pro tunc* entry, to read that such defendant entered a plea of guilty instead of stating that the defendant pleaded guilty to first degree murder with mercy.

No error has been assigned as to that *nunc pro tunc* entry so it must be assumed, for the purpose of this case, that the *nunc pro tunc* correction was properly made and that the plea entered by the defendant on July 14, 1934, was a plea of guilty of murder in the first degree.

Section 13442-5, General Code, as in effect at the

time, among other things, provided, "that if the accused plead guilty of murder in the first degree, a court composed of three judges as herein provided shall examine the witnesses, determine the degree of crime and pronounce sentence accordingly. In rendering judgment of conviction of an offense punishable by death upon plea of guilty * * * the court may extend mercy and reduce the punishment for such offense to life imprisonment in like manner as upon recommendation of mercy by a jury."

The court did not impanel a three-judge court, as above prescribed, but, constituted as a single judge court, sentenced the defendant as above set forth.

On July 16, 1934, the defendant was conveyed to the Ohio Penitentiary on warrant issued by the court on the sentence so imposed by it.

Defendant remained in the Ohio Penitentiary until March 7, 1944, at which time he was released on a writ of *habeas corpus* by the Court of Appeals for Franklin county, Ohio, on the ground that the sentence and commitment were void because the court, constituted as a single judge court, had no jurisdiction to entertain the plea as entered, and to sentence the defendant.

That case is reported under the title *In re Knight,* in 73 Ohio App., 547, 57 N. E. (2d), 273.

On March 7, 1944, the sheriff of Hardin county, Ohio, took custody of Richard Knight at the door of the Ohio Penitentiary, by virtue of a warrant issued by the Common Pleas Court on the aforesaid indictment, and returned him to the Hardin county jail.

On March 9, 1944, the prosecuting attorney filed a motion in the Common Pleas Court of Hardin county, Ohio, asking that the journal entry of July 14, 1934, be corrected *nunc pro tunc,* to read that such defendant entered a plea of guilty of first degree murder, instead of stating that the defendant pleaded guilty to first

degree murder with mercy, which motion was granted by the court on April 1, 1944.

Thereafter, on April 1, 1944, at the January term of the Common Pleas Court of Hardin county, Ohio, the defendant Richard Knight filed a motion for discharge, on the grounds that he had been held more than two terms of court without a trial on the indictment, contrary to the provisions of Section 13447-1, General Code, and contrary to Section 10, Article I of the Constitution of the state of Ohio, which motion was overruled on April 5, 1944.

On April 15, 1944, the cause came on to be heard on the motion of defendant for a new trial on the denial of the application of the defendant to be discharged, which motion was overruled by the court.

Thereafter defendant gave notice of appeal to the Court of Appeals for Hardin county, Ohio, from the overruling of the motion, and on motion of the state of Ohio the appeal was dismissed on the ground that the order appealed from was neither a judgment nor final order from which an appeal might be taken.

On May 9, 1944, Richard Knight filed his petition in this court for a writ of *habeas corpus*, contending that he was entitled to discharge from the custody of the sheriff of Hardin county, Ohio, on the following grounds:

1. That his discharge by the Court of Appeals of Franklin county, Ohio, upon the writ of *habeas corpus* issued therein, operated in law as a bar to his prosecution on the indictment upon which he was committed to the penitentiary.

2. That he had not been given a speedy trial, as required by the provisions of Section 13447-1, General Code, and Section 10, Article I of the Constitution of Ohio.

Both those grounds were resolved against the peti-

tioner by this court and the writ of *habeas corpus* was denied.

On appeal from that judgment of the Court of Appeals to the Supreme Court, the Supreme Court affirmed the judgment of this court.

The Supreme Court, in its opinion in the case of *In re Knight,* which appears in 144 Ohio St., 257, 58 N. E. (2d), 671, held that there was no merit to the petitioner's first ground for relief. On the second ground it was held that where a trial court refuses to grant the discharge of a defendant under indictment in such court, for failure of the state to cause him to be tried on the aforesaid indictment within the time limited by Section 13447-1, General Code, such order cannot be reviewed or reversed or the prisoner discharged, by a proceeding in *habeas corpus* before another tribunal. It further held that the question of whether petitioner's right under Section 10, Article I of the Constitution of Ohio was invaded by the trial court can be reviewed only upon appeal, it being clear that the trial court does have jurisdiction of the case. It further found that as the indictment found by the grand jury at the April Term, 1934, of the Common Pleas Court of Hardin county, Ohio, is still in force and effect and the plea of guilty still stands, the sheriff of Hardin county has lawful custody of the petitioner.

After the decision of the Supreme Court, above mentioned, the defendant filed another motion that he be discharged, for the reason that the court has lost jurisdiction of the case and the subject matter thereof by failure to complete the court, in violation of Section 13442-5, General Code, and in violation of both the Sixth and Fourteenth Amendments to the Constitution of the United States of America, which motion was overruled and the case was set down for trial on the original indictment.

The defendant, by order of the Common Pleas Court, was permitted to withdraw his plea of guilty and to enter a plea of not guilty, and on March 19 to March 24, 1945, both dates inclusive, the case was heard by a jury in that court and a verdict of guilty of first degree murder while attempting to perpetrate a robbery, with a recommendation of mercy, was returned by the jury. Motion for a new trial was duly filed and overruled by the trial court and the defendant was sentenced to the Ohio Penitentiary for life, where the defendant now is. That is the judgment from which this appeal is taken.

The defendant assigns error by the Common Pleas Court, prejudicial to defendant, in the following particulars:

1. In refusing to discharge the defendant upon his application therefor, for the reason that the defendant was not granted a trial as provided in Section 13447-1, General Code.

2. In requiring the defendant to submit to trial, over his objection, after more than ten years during all of which time the defendant was confined in the Ohio Penitentiary under a void sentence by this court with no opportunity to legally assert his rights under the law and Constitutions of the state of Ohio and the United States of America and in direct violation of both.

3. In not granting the defendant a speedy public trial as provided in Section 10, Article I of the Constitution of the state of Ohio.

4. In not granting the defendant a speedy and public trial as provided in the Sixth Amendment to the Constitution of the United States of America.

5. In depriving the defendant of his liberty without due process of law as provided by the Fourteenth Amendment to the Constitution of the United States of America.

6. In refusing to discharge the defendant on his various motions therefor.

7. In finding that it had jurisdiction in the matter, over the objection of the defendant.

8. In finding that it had not lost jurisdiction in the case, over the objection of the defendant.

9. The verdict of the jury and the sentence of the court thereunder are contrary to law, and in violation of the laws of the state of Ohio and the Constitutions of both the state of Ohio and the United States of America.

10. Other errors apparent on the face of the record.

In his briefs filed herein the defendant does not specify and does not argue any errors under assignment 10, so that under the statute such assignment will not be considered by the court.

Under the first nine assignments the defendant makes the following general contention:

That by reason of the fact that the proceedings had by the court following the defendant's plea of guilty to murder in the first degree were not in conformity with the above quoted provisions of Section 13442-5, General Code, and the sentence rendered therein and the commitment pursuant thereto were void, he did not have a trial within the meaning of Section 13447-1, General Code, Section 10 of Article I of the Constitution of the state of Ohio, or the Sixth and Fourteenth Amendments to the Constitution of the United States, and consequently he was held in the Ohio Penitentiary from July 16, 1934, to March 7, 1944, without a trial, in violation of the provisions of Section 13447-1, General Code, prescribing that a person shall not be detained in jail without a trial on an indictment for a continuous period of more than two terms after his arrest and commitment thereon and shall be discharged unless a continuance is had on his motion or

the delay is caused by his act; and in violation of the provisions of Section 10 of Article I of the Ohio Constitution prescribing that in any trial in any court the party accused shall have a speedy public trial; and in violation of the provisions of the Sixth `Amendment to the Constitution of the United States prescribing that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial; and in violation of the provisions of the Fourteenth Amendment to the Constitution of the United States that no state shall deprive any person of life, liberty or property, without due process of law.

The contention of the defendant under the first nine assignments of error being the same, those assignments will be considered together.

That part of defendant's contention that he was held in the Ohio Penitentiary from July 16, 1934, to March 7, 1944, without a trial, in violation of the provisions of Section 13447-1, General Code, above referred to, is wholly without merit as the section applies only to persons held in jail and does not apply to a defendant in the penitentiary. *Shafer* v. *State,* 43 Ohio App., 493, 183 N. E., 774.

Therefore we shall consider whether any of the constitutional provisions above mentioned were violated, as contended by the defendant.

It is proper to note at this time that the Sixth Amendment to the Constitution of the United States has no application to proceedings in 'state courts so our further consideration will be limited to a determination as to whether the other constitutional provisions referred to have been violated. *State* v. *Swain,* 147 Ore., 207, 31 P. (2d), 745, 32 P. (2d), 773, 93 A. L. R., 921.

The Common Pleas Court is a court of general jurisdiction. The Common Pleas Court in the instant case had jurisdiction of the subject matter of the offense

charged in the indictment against the defendant and jurisdiction of the person of the defendant.

In the case of *In re Knight, supra,* the Supreme Court held definitely that notwithstanding the invalidity of sentence and commitment of the defendant to the penitentiary and his discharge therefrom on writ of *habeas corpus* by the Court of Appeals for Franklin county, Ohio, the Common Pleas Court had jurisdiction of the defendant and that the indictment found by the grand jury at the April Term, 1934, of that court, is still in full force and effect.

The indictment of the defendant and the proceedings had thereon, including his arrest, his arraignment in open court, the appointment of counsel for him, his plea of guilty to first degree murder, the sentence of the court based thereon and his commitment to the Ohio Penitentiary pursuant thereto, constituted a speedy public trial within the meaning of Section 10 of Article I of the Ohio Constitution, and also due process of law within the meaning of Amendment XIV of the Constitution of the United States. As the trial court had jurisdiction of the subject matter and the person of the defendant this is true notwithstanding the court in proceeding upon the plea of guilty, acted through a single judge instead of three judges, as prescribed in Section 13442-5, General Code, and otherwise failed to proceed in the manner therein prescribed. The act of the court in this respect was erroneous and without authority in law and, therefore, void, warranting the release of the defendant from the Ohio Penitentiary on *habeas corpus* but did not preclude the indictment and the proceedings thereon from constituting a trial and due process of law.

Such erroneous adjudications are made frequently in trials of cases, but where the court has jurisdiction of the subject matter and the person of the accused and

the proceedings are otherwise correct, as in this case, it has never been held that such erroneous adjudication precluded the proceedings from constituting a trial and due process of law, within the meaning of the constitutional provisions above mentioned.

As the proceedings outlined constituted a trial and due process of law, within the meaning of the constitutional provisions, the contention of the defendant in that respect is without merit.

Furthermore, after the defendant had entered his plea of guilty in the case and sentence was pronounced and he had been taken to the penitentiary to commence serving his sentence he was the only person who could demand a new trial or ask that the sentence entered on his plea of guilty be vacated.

In this situation, if the proceedings had in the trial court in which the sentence was rendered did not constitute a trial, the burden was upon the defendant, if he desired a speedy trial and due process of law within the meaning of the constitutional provisions above mentioned, forthwith to have the sentence declared void so that a trial might be had. 14 American Jurisprudence, 863, Criminal Law, Section 137. *Ex Parte Meadows,* 71 Okla. Cr. Rep., 353, 112 P. (2d), 419. Not having done so the defendant cannot complain of the failure of the state to afford him a speedy trial and due process of law under the constitutional provision mentioned.

A person charged with crime cannot successfully assert that his right to a speedy trial has been invaded unless he asked for trial. *Pietch* v. *United States* (C. C. A. Okla., 1940), 110 F. (2d), 817, 129 A. L. R., 563, certiorari denied, 310 U. S., 648, 84 L. Ed., 1414, 60 S. Ct., 1100.

Demand for speedy trial is essential to right. *Poffenbargar* v. *United States* (C. C. A. 8), 20 F. (2d), 42; *Collins* v. *United States* (C. C. A. 8), 20 F. (2d), 574.

Where no demand for trial was made defendant cannot complain of delay. *O'Brien* v. *United States* (C. C. A. 7), 25 F. (2d), 90.

For the reasons mentioned, the contention of the defendant under assignments 1 to 9, inclusive, is without merit and the judgment will be affirmed at the costs of defendant.

*Judgment affirmed.*

JACKSON and METCALF, JJ., concur.

METCALF, J., of the Fourth Appellate District, sitting by designation in the Third Appellate District.