The STATE of Ohio, Appellee,

v.

DICKEY, Appellant.

[Cite as *State v. Dickey* (1991), 74 Ohio App.3d 587.]

Court of Appeals of Ohio,
Warren County.

No. CA90–03–019.

Decided June 17, 1991.

*James A. Whitaker*, Lebanon City Prosecutor, for appellee.

*Landen & Eagle* and *Thomas G. Eagle*, for appellant.

WALSH, Judge.

On January 8, 1990, defendant-appellant, Robert Eugene Dickey, was charged with disorderly conduct in violation of R.C. 2917.11(A)(5) and being a fugitive from justice in violation of R.C. 2963.11. According to the complaint, appellant had charges outstanding in Indiana for reckless homicide and aggravated battery.

Appellant appeared in Lebanon Municipal Court, *pro se*, on January 18, 1990 for a hearing on several pretrial motions. The transcript of the hearing reveals that the court denied appellant's writ of habeas corpus and motion for discovery, but granted his motion to sever the two charges. The transcript also indicates that the court permitted appellant to study the complaint to determine whether he desired to contest the disorderly conduct charge. According to the court's January 18, 1990 journal entry, appellant pleaded guilty to the disorderly conduct charge.

On March 1, 1990, the court filed an entry *nunc pro tunc* to January 18, 1990 in which it granted appellant a separate trial on the disorderly conduct charge, but denied his motion for discovery for lack of a discovery request.[1] The entry also noted that appellant changed his plea to guilty after participating in a discussion with the court and prosecutor. According to the entry, the court ordered appellant to pay a $50 fine and sentenced him to a twelve-day jail term, although he was given twelve days' credit for time already served with the excess time served to be credited toward the fine.

---

1. The court issued another *nunc pro tunc* entry on March 1, 1990, this time to February 22, 1990, which revealed that appellant had been extradited to Indiana on February 20, 1990.

Appellant appealed and contends in his only assignment of error that the trial court improperly convicted him of disorderly conduct as a fourth degree misdemeanor.

In *State v. Ginocchio* (1987), 38 Ohio App.3d 105, 526 N.E.2d 1366, this court set forth the requirements necessary for a trial court to establish a valid judgment entry pursuant to Crim.R. 32(B). In order to properly apprise this court of the judgment from which an appeal is taken, we held that a trial court must prepare a formal final journal entry or order which contains:

"1. the case caption and number;

"2. a designation as a decision or judgment entry or both;

"3. a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion;

"4. the judge's signature; and

"5. a time stamp indicating the filing of the judgment with the clerk for journalization." *Id.* at 106, 526 N.E.2d at 1367–1368.

Failure to comply with these formalities results in the lack of a final appealable order.

Upon reviewing the March 1, 1990 *nunc pro tunc* entry, we find it does not constitute a final judgment entry pursuant to *Ginocchio*. While the entry does contain a time stamp, the judge's signature and appellant's sentence, it fails to clearly provide that appellant had been found guilty of disorderly conduct. Instead of articulating the court's verdict, the entry declared:

"Thereafter, the prosecutor, Defendant, and Court, participated in a discussion which lead to a negotiated plea. Defendant changed his plea from not guilty to guilty, in consideration of the following sentence * * *."

While it can be inferred from the entry's language that the trial court *accepted* appellant's guilty plea, as required by Crim.R. 11(D) and 11(E), or that the court *found* appellant guilty as required by Crim.R. 32(B) and *Ginocchio*, the addition of such language to the judgment entry would comport with the Criminal Rules without any undue burden on the trial court and avoid the necessity of this court engaging in the speculation and conjecture as to what happened.

At least one other Ohio appellate court is in agreement with the view that such a finding is necessary in an entry following a guilty plea. In *State v. Mooney* (Nov. 1, 1989), Hamilton App. No. C–880608, unreported, 1989 WL 129461, the Hamilton County Court of Appeals was presented with an entry from the trial court which contained the defendant's plea and sentence, but lacked the court's finding. Ruling that the trial court's failure to provide a

judgment of conviction resulted in the lack of a final appealable order, the appellate court *sua sponte* dismissed the appeal.

Based on the trial court's failure to clearly pronounce appellant guilty of disorderly conduct, its March 1, 1990 *nunc pro tunc* entry does not constitute a final judgment from which an appeal may be taken. Accordingly, this appeal is dismissed for lack of a final appealable order.

*Appeal dismissed.*

KOEHLER, J., concurs.

JONES, P.J., dissents.

JONES, Presiding Judge, dissenting.

I dissent because the majority has misconstrued our decision in *Ginocchio*. In *Ginocchio*, we found that the record did not contain a judgment entry as required by *State v. Tripodo* (1977), 50 Ohio St.2d 124, 4 O.O.3d 280, 363 N.E.2d 719. Instead, the record filed in the court of appeals simply contained a docket form, not labeled a "judgment," and not bearing a time stamp or any other indication that such was entered on the court's journal by the clerk. In *Ginocchio, supra,* 38 Ohio App.3d at 106, 526 N.E.2d at 1367–1368, we stated:

"Much to our dismay, this court has noted an increasing tendency on the part of some municipal and county courts to rely upon handwritten forms such as the one involved here, or even upon brief notations on the case file or jacket, as their judgment entries. Such conduct clearly deviates from Crim.R. 32(B) and M.C.Sup.R. 7, and can no longer be tolerated.

"Whether it be a municipal, county, or common pleas court, the same basic procedural formalities must be followed in order to assure that the parties, particularly the defendant in a criminal case, are fully aware of the time from which the thirty-day limitation of App.R. 4(B) commences to run. *State v. Tripodo, supra.* Therefore, in all criminal cases appealed to this court, a formal final journal entry or order must be prepared which contains the following:

"1. the case caption and number;

"2. a designation as a decision or judgment entry or both;

"3. a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion;

"4. the judge's signature; and

"5. a time stamp indicating the filing of the judgment with the clerk for journalization."

Unlike *Ginocchio,* the case at bar has a journal entry, signed by the judge, setting forth the appellant's sentence upon his plea of guilty. The journal entry clearly indicates that appellant changed his plea from not guilty to guilty in consideration of a reduced sentence. The majority has somehow determined that the trial judge must go through some kind of ritual, *finding* a defendant guilty, even though he has already pleaded guilty. While such must be done by the trial judge following a plea of "no contest," there is nothing in the Criminal Rules that requires a trial judge to confirm the guilt of one pleading guilty, by separate findings of fact.

A guilty plea is a complete admission of the defendant's guilt. Crim.R. 11(B)(1). A plea of guilty is also a confession to the crime charged. *Davis v. State* (App.1935), 19 Ohio Law Abs. 382. Thus, once the accused pleads guilty, the trial court "accepts" the plea but does not render a finding of guilt. Where a guilty plea is accepted, the trial court shall immediately proceed with sentencing. Crim.R. 11(B)(3).

The court's finding of guilt, following the guilty plea, is pellucid. Unlike *Ginocchio,* we are not required to engage in speculation or conjecture to ascertain the judgment in Lebanon Municipal Court and the date such was issued.

Appellant complains that this case should be reversed simply because there was no verbatim typed transcript of the proceedings, and accordingly no record to show the trial judge complied with Crim.R. 11. Apparently, there was a mechanical failure of the recording device utilized by Lebanon Municipal Court. It is noteworthy, however, that appellant does not even contend that there was a failure on the part of the trial judge to comply with Crim.R. 11, or that appellant did not plead guilty under a negotiated plea. It was appellant's obligation to prepare a record, and if no record was available because of a mechanical failure of the recording system, appellant was obligated to prepare a record pursuant to App.R. 9 and 10. Absent such a record, there is a presumption of validity as to the trial court's action. In the absence of an adequate record, which is the appellant's responsibility, the court of appeals is unable to evaluate the merits of the assignments of error and must affirm the trial court's decision. *Volodkevich v. Volodkevich* (1989), 48 Ohio App.3d 313, 549 N.E.2d 1237. The judgment of the trial court should be affirmed.