[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This is an appeal from a judgment of the Montgomery County Court of Common Pleas which failed to show a finding of guilty of the crime charged in the indictment. That portion of the "Entry and Order" form is blank.
Talmadge L. Adams appeals assigning two errors:
 I. THE TRIAL COURT COMMITTED AN ERROR WHEN IT FAILED TO MAKE A WRITTEN FINDING OF GUILTY. FURTHERMORE, DEFENDANT-APPELLANT WAS DENIED DUE PROCESS WHEN HE WAS SENT TO PRISON WITHOUT BEING FOUND GUILTY OF THE CHARGE(S), IN VIOLATION OF ARTICLE I §§ 10 AND 16 OF THE OHIO CONSTITUTION AND THE FIFTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION.
 II. THE TRIAL COURT FAILED TO OBTAIN A WAIVER OF THE DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHTS.
Appellant was indicted for possession of cocaine and assault. The court entered a not guilty plea for the defendant. Following competency examination Appellant was found competent to stand trial. On May 30, 1997, he pled no contest to assault on a peace officer and possession of crack cocaine.
The court thereupon executed a preprinted form captioned "Entry of Waivers and Plea(s) on Indictment/Information; Entry and Order." In salient portion of the document states:
 ". . . I voluntarily give up those rights, withdraw my former plea(s) of not guilty and pled NC to the charge(s) that I committed the offense(s) and specification of assault on a peace officer felony 4 . . . /s/ Talmadge Adams . . ." "[Findings relative to waivers, voluntariness, factual basis for charge] . . . Accordingly, the Court hereby ACCEPTS the Defendant's plea(s).
 "The Court hereby finds the Defendant guilty of _____________________ LINE DRAWN THROUGH BLANK ______________________________ in accord with the underlying agreement upon which the(se) negotiated plea(s) was/were based . . ."
 ". . . This Court refers the Defendant to the Adult Probation Department for a pre-sentence investigation and report and sets _________ day of ____________, 19 ________ at _______.m. for sentencing hearing in this matter. JAMES J. GILVARY Judge."
In similar fashion a separate "Possession of crack cocaine" entry and order form was executed without designation of a finding of guilty of a specific crime.
On August 4, 1997, the court executed a "Termination Entry" finding, inter alia, that defendant "having been convicted of the offense of Count 1: Possession of Cocaine (F5); Count 2: Assault (peace officer) (F4), was on July 29, 1997, brought before the Court . . ." Thereupon the court sentenced defendant to a term of 6 months, consecutive, driver's license suspended for one year, and gave credit for 121 days of confinement.
 I.
Appellant argues that the court speaks only through its journal, State v. Ellington (1987), 36 Ohio App.3d 76, and that the journal entry fails to include a "clear pronouncement of the court's judgment including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion" as required by Brackmann Communications,Inc. v. Ritter (1987), 38 Ohio App.3d 107. He further argues that the term "defendant was convicted" is not the same as a guilty plea or a guilty verdict. State v. Shank (1962), 20 Ohio Op.2d 371.
Upon the authority of State v. Dickey (1991), 74 Ohio App.3d 587, and State vs. Breedlove (1988), 46 Ohio App.3d 78, and Crim.R. 32(B), we conclude that the omission to enter a finding of guilty renders the judgment incomplete. As such, the first assignment of error is sustained and the case is remanded to the Montgomery County Common Pleas Court for an appropriate finding upon defendant's no contest plea, and resentencing. (Appellee argues that the Appellant can't have it both ways: if the entry is not complete there is no final appealable order, if complete he has no error claim).
 II.
We find no authority, and the Appellant cites none, that would raise this case to a Constitutional dimension.
The second assignment of error is overruled.
The case is remanded to the Montgomery County Common Pleas Court for an appropriate finding upon defendant's no contest plea, and resentencing.
BROGAN, J., and KERNS, J,. concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District and Hon. John R. Milligan, Retired from the Court of Appeals, Fifth Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Karyn J. Lynn
Alan D. Gabel
Hon. James J. Gilvary