OPINION
Appellant, Michael Lindsay Teague, appeals a judgment of conviction and sentence entered by the Marion County Court of Common Pleas finding him guilty of two charges of trafficking cocaine in violation of R.C.2925.03(A),(C)(4). For the reasons expressed in the following opinion, we dismiss the appeal for lack of jurisdiction.
The facts that are relevant to the issue raised on appeal are as follows. On May 15, 1997, Appellant was indicted along with eight other individuals in a twenty-two count joint indictment. Specifically, counts XIV and XV of the joint indictment charged Appellant with two second degree felony counts of trafficking in cocaine in violation of R.C.2925.03(A),(C)(4).
The case proceeded to a jury trial on February 12, 2001. On February 13, 2001, the jury returned guilty verdicts on both charges. An unsigned February 14, 2001 half-page document in the record, entitled "Orders of the Court," briefly outlined the proceedings to date and stated, in part: "Defendant found guilty to original indictment." On April 4, 2001, the court below sentenced Appellant to a mandatory term of six years in prison on both counts, to be served concurrently.
Raising three assignments of error, Teague appeals from the April 4, 2001 Judgment Entry of Sentencing. This court, however, is required to raise jurisdictional issues involving final appealable orders sua sponte.[1] Because we find no judgment entry setting forth the trial court's adjudication of guilt on the jury verdict, we must dismiss the instant appeal.
In State v. Ginocchio,[2] the court wrote:
 Whether it be a municipal, county, or common pleas court, the same basic procedural formalities must be followed in order to assure that the parties, particularly the defendant in a criminal case, are fully aware of the time from which the thirty-day limitation of App.R. 4(B) commences to run. State v. Tripodo
 [(1977)], 50 Ohio St.2d 124, 363 N.E.2d 719. Therefore, in all criminal cases appealed to this court, a formal final journal entry or order must be prepared which contains the following:
 1. the case caption and number;
 2. a designation as a decision or judgment entry or both;
 3. a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion;
 4. the judge's signature; and
 5. a time stamp indicating the filing of the judgment with the clerk for journalization.
 Failure to comply with these formalities results in the lack of a final appealable order.[3]
Jurors, as assistants to the court, make findings of fact and render verdicts upon which judgments may be entered, and the rendition of a judgment thereon authoritatively determines rights of individuals and rights of the state; but, it is self-evident that the force, authority, finality, and effectiveness of a verdict is wholly dependent upon the judgment entered thereon by the court.[4] Therefore, upon acceptance of the jury's verdict it is incumbent upon the trial court to not only reference the verdict or find that the jury returned a verdict of guilt, but to journalize a judgment entry with an adjudication of guilt on the jury's verdict.[5] It is axiomatic that "[a] court of record speaks only through its journal and not by oral pronouncement or mere written minutes or memorandum."[6] "Journalization is the process by which the clerk enters a judgment entry upon the court's journal and, therefore, finalizes a judgment."[7] The necessity of journalizing an entry in accordance with Crim.R. 32(C) is jurisdictional.[8] Without a properly journalized judgment of conviction, this court has no power to hear this appeal.[9]
In the instant matter, the trial court failed to journalize an adjudication of guilt on the February 13, 2001 jury verdicts. A February 14, 2001 half-page document in the record, entitled "Orders of the Court," states, in its entirety:
 Testimony taken. Closing Arguments. Jury charged. Jury deliberation. Defendant found guilty to original indictment. Bond revoked and Defendant remanded pending sentencing.
While time stamped, the document is not accompanied by the signature of the judge and does not contain the sentence imposed as mandated by Crim.R. 32(C). Moreover, the trial court's April 4, 2001 "Judgment Entry of Sentencing" simply references the verdict on both indictments, indicates that the verdict "was immediately entered in full upon the minutes," and then adjudicates sentence. As mentioned previously herein, mere reference to the verdict or judgment entered upon the minutes is an insufficient journalization of an adjudication of guilt.
While it is clear from the record that the jury found Teague guilty of both counts of the indictment, the trial court nevertheless failed to enter judgment on the jury verdict finding Teague guilty. Therefore, without a proper adjudication of guilt and signed judgment of conviction as mandated by Crim.R. 32(C), the record before us does not contain a final appealable order and we are without jurisdiction to entertain this appeal. Accordingly, we must sua sponte dismiss this appeal.
Being of the opinion that no fault lies with the parties herein, we impose no penalty upon said parties.
Appeal dismissed.
BRYANT and HADLEY, JJ., concur.
[1] See In re Murray (1990), 52 Ohio St.3d 155, 160, at fn. 2;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186.
[2] State v. Ginocchio (1987), 38 Ohio App.3d 105, 106. See, also,State v. Dickey (1991), 74 Ohio App.3d 587, 590.
[3] State v. Dickey (1991), 74 Ohio App.3d 587, 590; State v.Breedlove (1988), 46 Ohio App.3d 78, 79; State v. Hayes (May 24, 2000), Lorain App. No. 99CA007416, unreported; City of Akron v. Smith (Feb. 9, 2000), Summit App. No. 19517, unreported; City of Cincinnati v.Richardson (March 12, 1999), Hamilton App. No. C-980483, unreported;State v. Waire (Jan. 15, 1999), Hamilton App. No. C-980005, unreported;State v. Adams (June 5, 1998), Montgomery App. No. 16761, unreported.
[4] Industrial Com. Of Ohio v. Rogers (1930), 122 Ohio St. 134,136; Dean v. Conrad (1999), 134 Ohio App.3d 367, 371.
[5] State v. Taylor (May 26, 1995), Adams App. No. 94 CA 585, unreported; City of Cleveland v. Wirtz (Aug. 1, 1991), Cuyahoga App. No. 58967, unreported; State v. Reynolds (Sept. 27, 1990), Cuyahoga App. No. 57534, unreported. See also, State v. Adams (June 5, 1998), Montgomery App. No. 16761, unreported, holding that a judgment entry with an adjudication of guilt must be properly journalized on a plea of no contest.
[6] State ex rel. Hanley v. Roberts (1985), 17 Ohio St.3d 1, 4; Statev. Junkin (1997), 80 Ohio St.3d 335, 337.
[7] State v. Vernon (Mar. 31, 2000), Lake App. No. 99-1-006, unreported, quoting Gentry v. Richmond Industries (June 26, 1998), Lake App. No. 97-L-077, unreported.
[8] R.C. 2953.02; CrimR. 32(C); State v. Tripodo (1977),50 Ohio St.2d 124; State v. Breedlove (1988), 46 Ohio App.3d 78.
[9] Section 3(B)(2), Article IV, Ohio Constitution; see State v.Lovelace (Jan. 15, 1999), Hamilton App. No. C-970983, unreported.