JOURNAL ENTRY AND OPINION
Defendant-appellant MarioCollins appeals from his convictions of aggravated burglary (count 1) and aggravated robbery (count 2), both with firearm specifications, subsequent to a trial to the bench. For the reasons adduced below, we dismiss the notice of appeal herein for lack of a final appealable order.
The December 6, 2000 sentencing order of the trial court reflects that the following prison terms were imposed:
 The court imposes a prison term at Lorain Correctional Institution, 3 years on gun specifications on count 1 and gun specifications on count 2 merged for purposes of sentencing; 3 year gun specifications to be served prior to and consecutive with time of 5 years on base charge. (Emphasis added.)
The following was stated in State v. Connor (Oct. 31, 1996), Cuyahoga App. No. 70057, unreported, 1996 Ohio App. LEXIS 4794 at 2-3:
 Crim.R. 32(B) imposes a mandatory duty upon the trial court to set forth the plea, the verdict or findings, and the sentence for each and every criminal charge prosecuted. E.g. Cleveland v. Wirtz (Aug. 1, 1991), Cuyahoga App. No. 58967, unreported. "In the absence of a signed journal entry reflecting the court's ruling as to each charge, the order of the trial court is interlocutory." Cleveland v. Rubenstein (Oct. 29, 1981), 1991 Ohio App. LEXIS 3732, Cuyahoga App. No. 43415, unreported. See, also, State v. Brown (1989), 59 Ohio App.3d 1, 569 N.E.2d 1068. Thus, a trial court's ruling is not a final appealable order when there is no sentence imposed for a charge for which there is a finding of guilty.
 Cleveland v. Makris (May 5, 1994), 1994 Ohio App. LEXIS 1889, Cuyahoga App. Nos. 62632, 62633, 62634, unreported. See, also, State v. Dickey(1991), 74 Ohio App.3d 587, 599 N.E.2d 763.
Accord State v. Pace (June 5, 1998), Hamilton App. No. C-970546, unreported, 1998 Ohio App. LEXIS 2445; also see State v. Buterbaugh (Sept. 16, 1999), Franklin App. No. 98AP-1093, unreported, 1999 Ohio App. LEXIS 4233 at 35.
In the present case, it is clear that a term of five years was imposed on the base charge. However, it is not clear what the base charge is. Is it count 1 or count 2? Further complicating the matter is that the five-year sentence was only imposed on one of the two main offenses, leaving one of the offenses without the imposition of a sentence of punishment as required by Crim.R. 32(B). Absent the imposition of sentence on each and every offense for which appellant was convicted, there is no final appealable order. State v. Dickey, supra; Cleveland v. Connor, supra; Cleveland v. Makris, supra; Cleveland v. Rubenstein, supra.
Appeal dismissed.
It is ordered that appellee recover of appellant its costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
KENNETH A. ROCCO, P.J., and JAMES J. SWEENEY, J., CONCUR.