OPINION
Appellant, Larry Lichtensteiger, appeals a judgment of sentence entered by the Van Wert Municipal Court finding him guilty of operating a motor vehicle with a proscribed concentration of alcohol in his blood pursuant to R.C. 4511.19(A)(3). Lichtensteiger presents three assignments of error for our consideration. However, because the trial court failed to enter a judgment of conviction of proper form as mandated by Crim.R. 32(C), the record herein does not contain a final appealable order, and therefore we must dismiss the appeal for lack of jurisdiction.
The facts that are relevant to the issues raised on appeal are as follows. On February 9, 1997, Lichtensteiger was charged with one count of operating a motor vehicle with a proscribed blood alcohol concentration in violation of R.C. 4511.19(A)(3).
The case proceeded to a jury trial on March 30, 2001. That same day, the jury returned a verdict of guilt. On April 3, 2001, the trial court sentenced Lichtensteiger to sixty days in jail, fifty days of which were suspended, suspended his license for eight months, placed him on probation for one year, and fined him five hundred dollars.
Raising three assignments of error, Lichtensteiger appeals from the March 30, 2001 "decision of the jury." This court, however, is required to raise jurisdictional issues involving final appealable orders sua sponte.[1] Because we find no judgment entry constituting a final appealable order, we must dismiss the instant appeal.
In State v. Ginocchio,[2] the court wrote:
 Whether it be a municipal, county, or common pleas court, the same basic procedural formalities must be followed in order to assure that the parties, particularly the defendant in a criminal case, are fully aware of the time from which the thirty-day limitation of App.R. 4(B) commences to run. State v. Tripodo [(1977)], 50 Ohio St.2d 124, 363 N.E.2d 719. Therefore, in all criminal cases appealed to this court, a formal final journal entry or order must be prepared which contains the following:
1. the case caption and number;
2. a designation as a decision or judgment entry or both;
 3. a clear pronouncement of the court's judgment, including the plea, the verdict or findings, sentence, and the court's rationale if the entry is combined with a decision or opinion;
4. the judge's signature; and
 5. a time stamp indicating the filing of the judgment with the clerk for journalization.
 In sum, Crim.R. 32(C) requires the trial court to set forth, in a signed and file-stamped judgment of conviction, the defendant's plea, the verdict or findings of the fact-finder, and the sentence. Failure to comply with these formalities results in the lack of a final appealable order.[3]
In the instant matter, the jury returned a guilty verdict on March 30, 2001. The verdict was signed by the jurors and filed by the clerk. However, a review of the record reveals that the trial court failed to comply with the mandates of Crim.R. 32(C). A March 30, 2001 entry, purporting to be solely a judgment of conviction, is not file-stamped and does not bear any other evidence of having been filed with the clerk for journalization or certified in any way. Moreover, the trial court's April 3, 2001 sentencing entry, while signed by the judge and properly journalized, fails to set forth the defendant's plea or the verdict or findings of the fact-finder, referencing only Lichtensteiger's sentence.
While it is clear from the record that the jury found Lichtensteiger guilty, the trial court nevertheless failed to properly enter a judgment of conviction on the jury verdict. Therefore, without a signed and file-stamped judgment of conviction of proper form as mandated by Crim.R. 32(C), the record before us does not contain a final appealable order and we are without jurisdiction to entertain this appeal. Accordingly, we must dismiss this appeal.
Being of the opinion that no fault lies with the parties herein, we impose no penalty upon said parties.
Appeal Dismissed.
SHAW and BRYANT, J.J., concur.
[1] See In re Murray (1990), 52 Ohio St.3d 155, 160, at fn. 2;Whitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186.
[2] State v. Ginocchio (1987), 38 Ohio App.3d 105, 106. See, also,State v. Dickey (1991), 74 Ohio App.3d 587, 590.
[3] State v. Dickey (1991), 74 Ohio App.3d 587, 590; State v.Breedlove (1988), 46 Ohio App.3d 78, 79; State v. Hayes (May 24, 2000), Lorain App. No. 99CA007416, unreported; State v. Vernon (March 31, 2000), Lake App. No. 99-L-006, unreported; City of Akron v. Smith (Feb. 9, 2000), Summit App. No. 19517, unreported; City of Cincinnati v.Richardson (March 12, 1999), Hamilton App. No. C-980483, unreported;State v. Waire (Jan. 15, 1999), Hamilton App. No. C-980005, unreported;State v. Adams (June 5, 1998), Montgomery App. No. 16761, unreported.