OPINION
{¶ 1} Appellant, Emmett J. Rufus ("appellant"), timely appeals the sentences imposed by the Lake County Court of Common Pleas following guilty pleas in three underlying criminal cases. The cases have been consolidated upon the motion of appellant for the purposes of appeal. As a result of the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, the statutes utilized by the trial court in rendering appellant's sentences have been declared unconstitutional and therefore we must vacate appellant's sentences and remand for re-sentencing consistent with Foster.
 {¶ 2} On December 6, 2005, the Lake County Court of Common Pleas sentenced appellant on three separate cases. Appellant had previously entered guilty pleas in all three matters. Appellant was sentenced to imprisonment for a total of seventeen years and eleven months as described below.
 {¶ 3} Case No. 05-CR-000661:[1] Appellant was sentenced to nine years imprisonment for aggravated robbery, a felony of the first degree in violation of R.C. 2911.01(A)(3)[2] plus an additional three years for a firearm specification pursuant to R.C. 2941.145; and three years imprisonment for having weapons while under disability, a felony of the third degree in violation of R.C. 2923.13(A)(2).
 {¶ 4} Case No. 05-CR-000392:[3] Appellant was sentenced to eleven months imprisonment for escape, a fifth-degree felony in violation of R.C. 2921.34(A)(1).
 {¶ 5} Case No. 05-CR-000530:[4] Appellant was sentenced to two years imprisonment for felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2).
 {¶ 6} All sentences were ordered to run consecutive to one another.
 {¶ 7} Appellant asserts the following assignments of error:
 {¶ 8} "[1.] THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A MORE SEVERE SENTENCE AFTER FINDING DEFENSE COUNSEL'S OBJECTION TO THE DEFENDANT-APPELLANT'S ORIGINAL SENTENCE WELL TAKEN.
 {¶ 9} "[2.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECTUIVE SENTENCE BASED UPON A FINDING OF FACTORS NOT FOUND BY THE JURY OR ADMITTED BY THE DEFENDANT-APPELLANT IN VIOLATION OF THE DEFENDANT-APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO TRIAL BY JURY."
 {¶ 10} We will address appellant's second assignment of error first as its disposition renders the first assignment of error moot.
 {¶ 11} Appellant was sentenced on December 6, 2005 in all three underlying cases. The Ohio Supreme Court decided State v.Foster, 109 Ohio St.3d 1, 2006-Ohio-856 on February 27, 2006. Following the decision in Foster, the statutes utilized in part by the trial court in sentencing appellant are now unconstitutional. Therefore, we must vacate appellant's sentences and remand for re-sentencing consistent with Foster.
 {¶ 12} In imposing more-than-the-minimum and consecutive sentences upon appellant, the trial court relied in part on R.C.2929.14(B), R.C. 2929.14(E)(4) and 2929.19(B)(2). According toFoster, these statutes are now unconstitutional as they replace the judiciary as the fact-finder in lieu of the jury. Id.; see, also, Apprendi v. New Jersey (2000), 530 U.S. 466; Blakely v.Washington (2004), 542 U.S. 296. Accordingly, appellant's sentences are void and must be vacated.
 {¶ 13} However, Foster did not invalidate the entire Ohio sentencing scheme. The court determined that severing the unconstitutional provisions of the code would serve as an appropriate remedy. "All references to mandatory judicial fact-finding properly may be eliminated in the four areas of concern." Foster at ¶ 96. After severance, R.C. 2929.14(B) and (C) and 2929.19(B)(2) are without meaning as "judicial findings are unconstitutional." Id. at ¶ 97.
 {¶ 14} After the severance of the applicable statutes, the trial court is entrusted with full discretion in meting out sentences. Less than three months after appellant was sentenced, the decision in Foster was released. As a result, appellant's sentences are void and must be vacated and remanded for re-sentencing. Id. at ¶ 103-104. Upon remand, the trial court is no longer required to make findings or give its reasons for imposing consecutive sentences or more-than-the-minimum sentences. Id. at paragraph seven of the syllabus. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range." Id. at ¶ 105. The discretion is left to the trial court. "While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105.
 {¶ 15} It is important to note that appellant raisedBlakely as an objection at the trial court level during the sentencing hearing. The trial court overruled the objection, but noted that Foster was pending on review with the Supreme Court. Upon release of Foster, appellant's objection based onBlakely was well-founded. Therefore, we find appellant's second assignment of error well-taken.
 {¶ 16} Appellant's first assignment of error concerns only the sentence imposed for the weapons under disability conviction. Appellant asserts that following a well-founded objection, the trial court improperly re-sentenced appellant to additional time than that previously imposed. Due to the fact that appellant's sentences in all three cases must be vacated and remanded for re-sentencing, we find appellant's first assignment of error moot following the disposition of the second assignment of error.
 {¶ 17} Appellant's first assignment of error is therefore not well taken.
 {¶ 18} In light of Foster, the judgment of the Lake County Court of Common Pleas is reversed. This case is remanded for proceedings to resentence appellant in all three underlying cases consistent with this opinion pursuant to Foster.
O'Neill, J., concurs, O'Toole, J., concurs in judgment only.
[1] This trial court case number corresponds to appellate case number 2006-L-004.
[2] Appellant was also ordered to pay restitution in the amount of $162.
[3] This trial court case number corresponds to appellate case number 2006-L-003.
[4] This trial court case number corresponds to appellate case number 2006-L-001.