OPINION
{¶ 1} Appellant, Emmett J. Rufus, appeals the sentence imposed by the Lake County Court of Common Pleas in three separate cases, following our reversal and remand for resentencing pursuant to State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. At issue is whether appellant's resentence is unconstitutional and represents an abuse of the trial court's discretion. For the reasons that follow, we affirm. *Page 2 
 {¶ 2} In Common Pleas Court Case No. 05-CR-000661, which corresponds to our Court of Appeals Case No. 2006-L-256, appellant entered the Perry One Stop in Perry Township, Ohio on March 4, 2005, at 12:30 a.m. He poured a cup of hot coffee into a cup; walked up to the counter; then threw the cup of coffee at the 69-year old clerk Beverly Custer, who was working behind the counter at the time.
 {¶ 3} Appellant pulled out a revolver; pointed it at Mrs. Custer and another store employee Mrs. Blackman; and then struck Mrs. Custer in the forehead with it causing her to sustain a large laceration. Appellant demanded the money from the cash register, which Mrs. Blackman gave to him, totaling $168. Appellant then fled the store. Mrs. Custer was taken to Lake East Hospital Emergency Room, where she was treated and received numerous stitches to close the laceration to her forehead.
 {¶ 4} Appellant admitted he robbed the gas station to obtain money to pay off a restitution order on one of his prior criminal cases so that he could be released from post-release control from the Department of Youth Services. He also admitted he had stolen the gun from a house he and some accomplices had previously broken into.
 {¶ 5} In 05-CR-000392, which corresponds to our Case No. 2006-L-254, on May 10, 2005, at 12:46 p.m., while appellant was confined as an inmate at the Lake County Jail on a receiving stolen property charge, he jumped the fence around the outdoor recreation area in order to escape the jail. He went into an automobile, which an accomplice had parked in the jail's parking lot, and the accomplice drove off with appellant.
 {¶ 6} In 05-CR-000530, which corresponds to our Case No. 2006-L-255, on June 8, 2005, at approximately 5:20 p.m., while appellant was again confined at the *Page 3 
Lake County Jail, he was involved in an altercation with another inmate Reginald Hairston. During this incident appellant took out a toothbrush he had sharpened into a knife and stabbed Hairston in the palm of his right hand.
 {¶ 7} The Lake County Grand Jury returned a six-count indictment against appellant in 05-CR-000661, charging him with aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(1) with a firearm specification pursuant to R.C. 2941.145 (Count 1); aggravated robbery, a felony of the first degree, in violation of R.C.2911.01(A)(3) with a firearm specification (Count 2); felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) (Count 3); felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2) (Count 4); having weapons while under disability, a felony of the third degree, in violation of R.C. 2923.13(A)(2) with a firearm specification (Count 5); and having weapons while under disability, a felony of the third degree, in violation of R.C.2923.13(A)(2) (Count 6).
 {¶ 8} The grand jury indicted appellant in 05-CR-000392, for one count of escape, a felony of the fifth degree, in violation of R.C.2921.34(A)(1).
 {¶ 9} In 05-CR-000530, the grand jury returned an indictment against appellant charging him with felonious assault against Reginald Hairston, a felony of the second degree, in violation of R.C. 2903.11(A)(2) (Count 1); tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1) (Count 2); and possession of a deadly weapon while under detention, a felony of the fifth degree, in violation of R.C.2923.131(A) (Count 3).
 {¶ 10} At the time of the offenses charged in these cases, appellant was eighteen years old. By then his criminal record was extensive. He was previously adjudicated a *Page 4 
delinquent for the following offenses: receiving stolen property (1998); petty theft (1998); aggravated menacing and criminal trespass (1998); burglary (1999); illegal possession of a weapon or dangerous ordnance in school (1999); theft (1999); menacing (1999); theft (2000); criminal damaging (2000); assault (2000); assault (2000); criminal trespass (2000); criminal trespass (2000); criminal mischief (2000); criminal mischief (2000); receiving stolen property, felony theft, criminal damaging, endangering, aggravated menacing, and resisting arrest (2001); receiving stolen property, to-wit: a motor vehicle (2002); criminal damaging and endangering (2002); robbery and resisting arrest (2003); and assault (2003).
 {¶ 11} Appellant had previously been committed to the detention home nine times and to the Department of Youth Services on four separate occasions. The average time between offenses appellant committed while in the Juvenile Court system was 17 days. The court noted appellant's juvenile history was the worst it had ever seen.
 {¶ 12} By the time of his original sentence in this matter, appellant had previously been convicted as an adult of the following crimes: receiving stolen property (2004), theft (2004), obstructing official business (2004), and falsification (2004). Within six months after appellant turned 18, he had seven adult criminal convictions, not counting those at issue here.
 {¶ 13} Appellant entered guilty pleas in the three cases sub judice, and was sentenced on December 6, 2005. In 05-CR-000661, appellant was sentenced to nine years in prison for aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(3), plus an additional three years for the firearm specification pursuant to *Page 5 
R.C. 2941.145, and three years in prison for having weapons while under a disability, a felony of the third degree, in violation of R.C.2923.13(A)(2). Each sentence was to be served consecutively for a total of 15 years.
 {¶ 14} In 05-CR-000392, appellant was sentenced to eleven months in prison for escape, a felony of the fifth degree, in violation of R.C.2921.34(A)(1).
 {¶ 15} In 05-CR000530, appellant was sentenced to two years in prison for felonious assault, a felony of the second degree, in violation of R.C. 2903.11(A)(2). The sentences in the three cases were ordered to be served consecutively to one another, and totaled seventeen years and eleven months.
 {¶ 16} Appellant appealed the sentence in each of these cases inState v. Rufus, 11th Dist. Nos. 2006-L-001, 2006-L-003, and 2006-L-004,2006-Ohio-5183 ("Rufus I"). In that case we reversed and remanded for resentencing pursuant to Foster, supra.
 {¶ 17} On November 6, 2006, appellant was resentenced by the trial court on each case pursuant to our remand. During the sentencing hearing, the court stated that as to each case it had considered the presentence report, the purposes and principles of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 18} During the resentencing, the court considered appellant's previous criminal and juvenile history. The court stated that after weighing the recidivism and seriousness factors, a term of imprisonment was consistent with the purposes and principles of sentencing, and that appellant was not amenable to any community control sanction. *Page 6 
 {¶ 19} The court sentenced appellant to the identical sentence imposed during the original sentencing. As to 05-CR-000661, the aggravated robbery case, the court sentenced appellant to a term of nine years for aggravated robbery, and ordered this sentence to be served subsequent and consecutively to a three-year prison term for the firearm specification to that offense. The court also sentenced appellant to three years for having weapons while under disability, to be served consecutively to the other sentences imposed in that case.
 {¶ 20} In 05-CR-000392, the escape case, the court sentenced appellant to eleven months in prison for this offense, to be served consecutively to the sentences imposed in 05-CR-000661 and 05-CR-000530.
 {¶ 21} In 05-CR-000530, the felonious assault case, the court sentenced appellant to two years in prison, to be served consecutively to the other sentences.
 {¶ 22} Appellant appeals the trial court's sentence on remand in three separate appeals, asserting the identical six assignments of error in each. Appellant moved this court to consolidate these cases for purposes of appeal, and that motion was granted. Because the first five assignments of error in each appeal are interrelated, they will be considered together. They are as follows:
 {¶ 23} "[1] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 24} "[2] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE *Page 7 
PRISON TERM IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 25} "[3.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM BASED ON THE OHIO SUPREME COURT'S SEVERANCE OF THE OFFENDING PROVISIONS UNDER FOSTER, WHICH WAS AN ACT IN VIOLATION OF THE PRINICPLE [SIC] OF SEPARATION OF POWERS.
 {¶ 26} "[4] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM CONTRARY TO THE RULE OF LENITY.
 {¶ 27} "[5.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM, CONSECUTIVE PRISON TERM CONTRARY TO THE INTENT OF THE OHIO LEGISLATORS."
 {¶ 28} The arguments raised by appellant in his first five assignments of error are identical to arguments raised and rejected in numerous prior decisions of this court. See, State v. Green, 11th Dist. Nos. 2005-A-0069 and 2005-A-0070, 2006-Ohio-6695; State v. Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011; State v. Asbury, 11th Dist. No. 2006-L-097, 2007-Ohio-1073; State v. Anderson, 11th Dist. No. 2006-L-142, 2007-Ohio-1062; and State v. Spicuzza, 11th Dist. No. 2006-L-141, 2007-Ohio-783.
 {¶ 29} These same arguments have also been consistently rejected by other Ohio appellate districts and federal courts. See, State v.Gibson, 10th Dist. No. 06AP-509, 2006-Ohio-6899; State v. Moore, 3d Dist. No. 1-06-51, 2006-Ohio-6860; United *Page 8 States v. Portillo-Quezada (C.A. 10 2006), 469 F.3d 1345, 1354-1356, and the cases cited therein.
 {¶ 30} Appellant's first five assignments of error are without merit.
 {¶ 31} For his sixth assignment of error, appellant states:
 {¶ 32} "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT IMPOSED A MORE SEVERE SENTENCE AFTER FINDING DEFENSE COUNSEL'S OBJECTION TO THE DEFENDANT-APPELLANT'S ORIGINAL SENTENCE WELL-TAKEN."
 {¶ 33} During the original sentencing hearing in Case No. 05-CR-000661, the aggravated robbery case, the trial court sentenced appellant to one year in prison for having weapons while under disability plus an additional three years under the firearm specification to that charge, which was to be served consecutively to the one year sentence, for a total of four years in prison. Following the announcement of this sentence, defense counsel objected on the ground that, on a weapons disability charge, the firearm specification does not apply unless the defendant has previously been convicted of aggravated murder, murder, or a felony of the first or second degree and less than five years has passed since the defendant was released from prison or post-release control, whichever is later. R.C.2929.14(D)(1)(e). The trial court agreed, and, during the same hearing, revised the sentence to three years on the underlying offense and removed the sentence on the specification. The court stated it was its intention that the revised sentence would remain essentially the same as its original sentence.
 {¶ 34} Appellant argues the trial court abused its discretion by increasing his sentence "to punish him * * * for correcting the court on the appropriate sentence." We do not agree. *Page 9 
 {¶ 35} The Supreme Court has held that "any case that is remanded for `resentencing' [pursuant to Foster, supra] anticipates a sentencing hearing de novo." State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, at ¶ 37. This court has held that "when an appellate court vacates a sentence and remands for resentencing, the trial court is required to hold a complete sentencing hearing." State v. Bolling, 11th Dist. No. 2004-L-161, 2005-Ohio-6418, at ¶ 15. Further, the Supreme Court has held that on resentencing, "[w]hile the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Foster, supra, at ¶ 105.
 {¶ 36} The record below indicates that, pursuant to our remand, appellant was given a complete sentencing hearing. As to each case the court considered the argument of defense counsel, appellant's comments, the presentence report and the circumstances involved, the purposes and principles of felony sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12.
 {¶ 37} Since appellant's sentences in all three cases were vacated and remanded for resentencing in Rufus I and appellant was given a completely new sentence upon remand, his argument is moot. Appellant was given a new sentence, and, as such, whatever action was taken by the trial court during the original sentence played no part during the resentence.
 {¶ 38} It must be noted that under Foster, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, supra, at paragraph seven of the syllabus. Thus, underFoster, as *Page 10 
long as the defendant's sentence is within the statutory range, a trial court is not required to give its reasons for a sentence.
 {¶ 39} Having weapons while under disability, in violation of R.C.2923.13(A)(2), is a felony of the third degree, which provides for a sentence of one, two, three, four, or five years in prison, pursuant to R.C. 2929.14(A). The trial court's sentence of three years in prison was thus within the statutory range of sentencing for this offense. The trial court had full discretion in sentencing appellant within this statutory range, and under Foster it was not required to state its reasons for imposing the sentence.
 {¶ 40} Appellant's reliance on the United States Supreme Court's holding in Alabama v. Smith (1989), 490 U.S. 794 is misplaced. InSmith the Court held that a presumption of vindictiveness arises where an accused has received an "unexplained increase in sentence" after retrial following a successful appeal. Appellant argues that when the trial court asked for objections, appellant's original sentence of one year on the underlying charge was "essentially complete" so the later sentence of three years was the equivalent of a resentence on remand. As such, he argues the Supreme Court's holding in Smith should apply. We do not agree.
 {¶ 41} Initially, we note that the trial court explained it revised appellant's sentence to a total of three years to essentially reflect its original intent in sentencing appellant. Due to this explanation, any presumption of vindictiveness would not apply.
 {¶ 42} Moreover, in the instant case, the trial court merely announced its sentence on the weapons disability charge of one year plus three years under the firearm specification. That sentence was never formalized in a judgment entered on the court's journal, and never became the court's judgment. *Page 11 
 {¶ 43} Pursuant to Article IV, Section 3(B)(2), Ohio Constitution, an appellate court has jurisdiction to review only final orders of inferior courts. Crim.R. 32(C) provides: "A judgment of conviction shall set forth the plea * * * and the sentence. * * * The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk."
 {¶ 44} The Ohio Supreme Court has had occasion to rule on whether the announcement of a decision in a criminal case is a final order before the entry of a journal entry based on that decision. In State v.Tripodo (1977), 50 Ohio St.2d 124, which originated in this district, following the defendant's conviction, he filed a motion for a free transcript. The trial court announced its decision by written ruling denying the motion, but did not enter a journal entry to this effect. The defendant appealed. This court dismissed the appeal for want of a final order. The defendant appealed to the Supreme Court which affirmed. The Supreme Court held: "A document not labeled a judgment nor unequivocally intended to be a judgment does not constitute a judgment triggering the time within which to file a notice of appeal. Otherwise, had appellant waited more than 30 days after the announcement of the court's ruling, appeal time would have lapsed even though the judgment thereon had never been entered or was entered 30 days after announcement of the decision." Id. at 126. The Court further held that Crim.R. 32(B) "now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk." Id. at 127.
 {¶ 45} As a result, in the case sub judice, the original sentence announced by the trial court never became the judgment of the trial court. The court was therefore free to revise its sentence to conform to appellant's objection. Appellant's sentence only *Page 12 
became the judgment of the court when its decision was journalized. There was thus only one sentence imposed during the original sentencing hearing. Contrary to appellant's argument, the court did not "change" appellant's sentence in response to appellant's objection. For this additional reason, the Supreme Court's holding in Smith does not apply here.
 {¶ 46} It is worth noting that, following appellant's objection, the court sentenced him to less than the originally-announced sentence on the weapons disability charge, which was one year plus three years on the specification. Further, pursuant to Foster, the trial court could have sentenced appellant up to five years on this offense. We therefore hold that the record reflects that the trial court's revision of its sentence was done to effectuate its intention on sentencing within the law, and did not reflect vindictiveness on the part of the trial court.
 {¶ 47} Appellant's sixth assignment of error is without merit.
 {¶ 48} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs in judgment only. *Page 1