THE STATE OF OHIO, APPELLEE, *v.* TRIPODO, APPELLANT.

(No. 76-494—Decided May 25, 1977.)

*Mr. Edward T. Brice*, for appellee.
*Mr. Paul Mancino, Jr.*, for appellant.

McCORMAC, J. The issue before this court is whether a ruling of a trial court in a criminal case constitutes a final judgment from which an appeal can be taken when the ruling is intended to be an announcement of the decision and the decision is not later finalized by an appropriate judgment entry.

App. R. 4(B) provides as follows:

"In a criminal case the notice of appeal by a defendant shall be filed with the clerk of the trial court within thirty days of the date of the entry of the judgment or order appealed from. A notice of appeal filed after the announcement of a decision, sentence or order but before entry of the judgment or order shall be treated as filed after such entry and on the day thereof. * * *"

Clearly the Rules of Appellate Procedure contemplate that there may be an announcement of a decision or order which does not commence the running of the 30-day period for filing a notice of appeal and which is not final until entry of the judgment based on that decision. If the notice of appeal is filed prematurely, App. R. 4(B) makes it timely when the judgment entry is filed. The problem in this case is that the notice of appeal was filed after the announcement of the ruling of the court, but the ruling was never made final by a judgment entry properly journalized.

Appellant argues that the ruling itself constitutes the final judgment from which an appeal can be taken under R. C. 2505.02 and that a judgment entry is not required. That contention is not well taken. It is obvious in the instant case that the "ruling of the court" was not intended to be the judgment, but that judgment was to be entered thereafter. A document not labeled a judgment nor unequivocally intended to be a judgment does not constitute a judgment triggering the time within which to file a notice of appeal. Otherwise, had appellant waited more than 30 days after the announcement of the court's ruling, appeal time would have lapsed even though a judgment thereon had never been entered or was entered 30 days after announcement of the decision.

The important consideration is that the parties, particularly the defendant in a criminal case, be fully aware of the time from which appeal time commences running.

App. R. 4(B) was designed to clarify the time for appeal as well as to eliminate the situation where a party lost his right to appeal by filing the appeal prematurely. Appellant's reliance on *State* v. *Boyd* (1972), 30 Ohio St. 2d 64, is not well founded. Crim. R. 32(B) now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk. An appeal prior to that time is now premature as is the notice of appeal therefrom. App. R. 4(B). Contrary to the situation that existed prior to the adoption of App. R. 4(B), the premature notice of appeal is not totally ineffective, but it becomes mature when and if judgment is entered.

App. R. 4(A) contains a similar provision for time for filing a notice of appeal in a civil case. As we recently held, an equivocal order in a civil case not readily identifiable as a judgment entry, but arguably intended by the trial judge as an announcement of his decision, is not a final appealable order. *Millies* v. *Millies* (1976), 47 Ohio St. 2d 43.

The ruling on the motion for a free transcript was obviously not intended to be a final disposition of the matter and, further, insufficiently contained notice of its finality to indicate to appellant that an immediate appeal would be required. Hence, appellant's notice of appeal was premature and was never made mature by the entry of a final judgment.

It is unfortunate that the trial court or the parties did not place a judgment entry on the record in the trial court so that the premature notice of appeal could then be based on a final judgment vesting the Court of Appeals with subject matter jurisdiction. We regret the delay necessitated by dismissing the appeal for lack of subject matter jurisdiction. The trial court should have prepared an entry and filed it with the clerk for journalization within 30 days after the ruling, where counsel did not prepare

and present the entry for journalization. See Rule 7, Rules of Superintendence for Municipal Courts and County Courts. In the future, Courts of Appeals should consider requesting the parties to journalize the ruling of the trial court so that they would obtain jurisdiction of the appeal, before dismissing the appeal.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE and LOCHER, JJ., dissent.

McCORMAC, J., of the Tenth Appellate District, sitting for W. BROWN, J.