On June 25, 1997, defendant-appellant Paul Wayne Lovelace was indicted on one count of receiving stolen property, two counts of failure to comply with an order or signal of a police officer, and one count of involuntary manslaughter in connection with the death of Michael D. Tenhundfeld on June 15, 1997. Tenhundfeld was killed when the car he was driving was struck by the police cruiser driven by Police Officer Gregory Berting during a high-speed chase of Lovelace. Lovelace was tried before a jury and found guilty of all counts. On appeal, Lovelace has raised six assignments of error, but the gravamen of his appeal is that he is not, in law, responsible for Tenhundfeld's death.
Unfortunately, this court is unable, at this time, to address these issues of first impression for this district because the trial court failed to place of record a judgment of conviction. Instead of journalizing a judgment entry that set forth the plea, the verdict and the sentence, as required by Crim.R. 32(B),[1] the trial court used the felony sentencing worksheet as a substitute. The trial judge hand-stamped the notation "JUDGEMENT [sic] ENTRY IMPOSING SENTENCE" across the first page of the worksheet, and then signed and time-stamped the entry. Nowhere does the entry set forth Lovelace's pleas to the indicted offenses or the jury's verdicts.
Even though it is obvious from a reading of the transcript that Lovelace was found guilty of the charges against him, obvious is not good enough. Strict compliance with Crim.R. 32(B) is required. State v. Klein (Dec. 4, 1998), Hamilton App. No. C-970788, unreported. The necessity of journalizing the entry setting forth the plea, the verdict and the sentence is jurisdictional. R.C. 2953.02; CrimR. 32(B); State v. Tripodo
(1977), 50 Ohio St.2d 124, 363 N.E.2d 719; State v. Breedlove
(1988), 46 Ohio App.3d 78, 546 N.E.2d 420; Klein, supra.
Without it, this court has no power to hear the appeal. Section3(B)(2), Article IV, Ohio Constitution; see State ex rel. TubbsJones v. Suster (1998), 84 Ohio St.3d 70, 75, 701 N.E.2d 1002,1007. This court went to considerable length in State v. Klein
(Dec. 4, 1998), Hamilton App. No. C-970788, unreported, to explain why this is so. The felony sentencing checklist, which is nothing more than a convenience to help our trial judges make certain now mandatory findings under the new felony-sentencing laws, is not a substitute for a proper judgment entry. This is a proposition so fundamental it should not even be necessary to pronounce it. We find it especially regrettable that this has become a recurring lapse of required procedure. See Klein, supra; State v. Allen (Dec. 9, 1998), Hamilton App. No. C-971102, unreported.
Without a valid judgment of conviction from which an appeal may be taken, we are without jurisdiction to entertain this appeal. Accordingly, we sua sponte dismiss the appeal for lack of jurisdiction.
It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Appeal dismissed.
DOAN, P.J., M.B. BETTMAN and PAINTER, JJ.
To the Clerk:
Enter upon the Journal of the Court on January 15, 1999 per order of the Court ______________________. Presiding Judge
[1] On July 1, 1998, the relevant language of Crim.R. 32(B) was incorporated under Crim.R. 32(C).