For the following reasons, I respectfully dissent from the decision of the majority in this matter. I believe that the trial court properly denied defendant-appellant's motion to withdraw his previously entered plea of no contest to the offense of domestic violence.
Defendant-appellant initially maintains that his motion to withdraw his plea of no contest should have been granted and his conviction vacated on the grounds that, at the time the no contest plea was entered, the trial court failed to advise defendant-appellant of the possible immigration consequences of the plea as required pursuant to R.C. 2943.031 which states in pertinent part:
 (A) Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement.
 "If you are not a citizen of the United States you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, where applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."
 Upon request of the defendant, the court shall allow him additional time to consider the appropriateness of the plea in light of the advisement described in this division.
 (B) The court is not required to give the advisement described in division (A) of this section if either of the following applies:
 (1) The defendant enters a plea of guilty on a written form, the form includes a question asking whether the defendant is a citizen of the United States, and the defendant answers the question in the affirmative;
 (2) The defendant states orally on the record that he is a citizen of the United States.
This court has previously held that, in order for R.C. 2943.031
advisements to apply, the record must affirmatively demonstrate that the defendant is not a citizen of the United States through affidavit or other documentation. State v. Thomas (March 18, 1993), Cuyahoga App. Nos. 63719, 63720, unreported, State v.Isleim (Aug. 18, 1994), Cuyahoga App. No. 66201, unreported. This court has held further that there must be some showing of prejudicial effect caused by the trial court's failure to advise the defendant with respect to possible deportation before a motion to vacate a guilty plea or a plea of no contest will be granted. State v. Guild (Jan. 13, 1994), Cuyahoga App. No. 63407, unreported.
In the case sub judice, a review of the record demonstrates that, while the trial court may have failed to comply with the mandates of R.C. 2943.031 in accepting defendant-appellant's plea of no contest, defendant-appellant failed to meet the burden of proof that would entitle him to relief under the statute in that defendant-appellant failed to provide the trial court with an affidavit, passport or other documentation at the time of the plea of no contest to demonstrate that he was not a citizen of the United States. Defendant-appellant maintains that the trial court's alleged derogatory comments at the time of the bond reduction hearing demonstrate knowledge on behalf of the court as to defendant-appellant's citizenship status. While there was some indication in the record that defendant-appellant may have been a citizen of a foreign country, mere unsupported allegations by defense counsel regarding alleged statements by the trial court that are not contained in the record do not satisfy defendant-appellant's burden to the extent that relief is warranted pursuant to R.C. 2943.031. See State v. Isleim, supra.
More importantly, defendant-appellant has failed to demonstrate that he was prejudiced by the trial court's alleged failure to advise him of the deportation consequences attendant to the underlying plea. In this instance, the deportation proceedings instituted against defendant-appellant began prior to the plea of no contest and were based upon the expiration of the allotted time defendant-appellant was permitted to remain in this country. The deportation proceedings were not based nor are they now based upon the conviction of the offense of domestic violence. Accordingly, it is apparent that defendant-appellant has failed to satisfy the burden of proof necessary for relief pursuant to R.C. 2943.031. See State v. Browley (Sept. 24, 1994), Cuyahoga App. No. 66038, unreported. Therefore, I do not believe that the trial court erred by denying defendant-appellant's motion to withdraw his plea of no contest and vacate defendant-appellant's conviction.
Defendant-appellant argues further that his plea of no contest was not a knowing, intelligent and voluntary plea in light of the trial court's failure to appoint an interpreter as requested prior to the plea hearing. It is defendant-appellant's position that he does not speak or understand the English language well enough to fully comprehend the negotiated plea agreement entered into with advice of counsel thereby rendering the plea invalid pursuant to Crim.R. 11. Defendant-appellant's contention is unsupported by the record from the trial court.
Initially, it should be noted that defense counsel admittedly understood and spoke Croatian, defendant-appellant's native tongue. In addition, defendant-appellant filed a number of affidavits during the course of the proceedings, all of which were written in English with no indication that he did not understand the content of each or that a translator was used in the preparation of the affidavits. With these facts in mind, a review of the trial court's settlement of the record demonstrates further that defendant-appellant was, in fact, "advised of the nature of the charges, the potential penalties upon conviction, the pleas available, and the meaning of the pleas." Clearly, under the totality of the circumstances presented herein, it is apparent that the trial court substantially complied with the mandates of Crim.R. 11 in accepting defendant-appellant's plea of no contest to the offense of domestic violence. See State v.Duran-Nina (Oct. 30, 1997), Cuyahoga App. Nos. 71159 and 71160, unreported.
Finally, defendant-appellant's contention that the trial court's sentencing entry does not constitute a final appealable order is without merit. A review of the entry in question demonstrates that it qualifies as a final appealable order pursuant to R.C. 2505.02. See State v. Tripado (1977), 50 Ohio St.2d 124;State v. Lenegar (Feb. 25, 1991), Vinton App. No. 465, unreported.
For the foregoing reasons, I believe the trial court properly denied defendant-appellant's motion to withdraw his plea of no contest which was knowingly, intelligently and voluntarily entered as a negotiated plea. Accordingly, I would affirm the judgment of the trial court.