OPINION
{¶ 1} Defendant-Appellant, Michael Stuber, appeals from a Findlay Municipal Court judgment entry ordering bond forfeiture upon his failure to appear for trial on a driving under suspension charge. Because bond forfeiture in a traffic case is not a final appealable order and Stuber was neither convicted nor sentenced for any offense, we dismiss this appeal for lack of jurisdiction.
 {¶ 2} On April 23, 2002, Stuber was cited in case No. 2002-TRD-05036-A for driving under suspension, a first degree misdemeanor in violation of R.C. 4507.02(B)(1), and in case No. 2002-TRD-05036B for failure to signal a lane change, a misdemeanor in violation of R.C.4511.39. Stuber was arrested for the driving under suspension charge and arraigned the following day, wherein he entered pleas of not guilty to both offenses and was released after posting a $200 bond on the driving under suspension charge.
 {¶ 3} Stuber subsequently waived his right to a speedy trial and the cases were set for trial on July 31, 2002. When Stuber failed to appear for trial, the trial court ordered that the previously posted bond be forfeited in lieu of appearance. Stuber subsequently filed a notice of appeal from the July 31, 2002 judgment in case No. 2002-TRD-05036A.
 {¶ 4} In this appeal, Stuber presents three assignments of error for our review. However, this court is required to raise jurisdictional issues sua sponte.[1] It is well-established that an order must be final before it can be reviewed by an appellate court.[2] If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal.[3]
 {¶ 5} An order must meet the requirements of R.C. 2505.02 and Civ.R. 54(B), if applicable, in order to be final and appealable.[4] In this regard, bond forfeitures in pending criminal cases, including traffic proceedings, are not final appealable orders pursuant to R.C.2505.02(B)(4).[5] Traf.R. 4(A) reflects as much, stating:
 (A) Posting of bail; depositing of security. The posting of bail or depositing of security is for the purpose of securing appearance or compliance with R.C. § 2935.26(C) only. The forfeiture of the bail or the security is not a substitute for appearance in court, compliance with R.C. § 2935.26(C), and payment of penalty imposed on pleas of finding of guilty.
 {¶ 6} "Whether it be a municipal, county, or common pleas court, the same basic procedural formalities must be followed in order to assure that the parties, particularly the defendant in a criminal case, are fully aware of the time from which the thirty-day limitation of App.R. 4(B) commences to run."[6] Therefore, in all criminal cases appealed to this court, including traffic appeals, a formal entry of conviction and sentence must be prepared in accordance with Crim.R. 32(C).[7] Insofar as it appears that proceedings were suspended upon Stuber's notice of appeal from the entry of bond forfeiture, we do not have a final judgment of conviction and sentence. Therefore, the trial court's entry is merely interlocutory and we must dismiss this appeal for lack of jurisdiction.
Appeal dismissed.
 BRYANT, P.J. and CUPP, J., concur.
[1] State v. Lichtensteiger (Dec. 4, 2001), 3rd Dist. App. No. 15-01-07, 2001-Ohio-2333.
[2] See Section 3(B)(2), Article IV, Ohio Constitution. See, also,General Acc. Ins. Co. v. Ins. Co. of N. Am. (1989), 44 Ohio St.3d 17,20.
[3] Brown v. McClain Construction (June 4, 2002), 3rd Dist. App. No. 16-01-19, 2002-Ohio-2834, ¶ 6.
[4] Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus.
[5] See, e.g., Village of Carey v. Walton (Dec. 4, 1990), 3rd Dist. App. No. 16-89-20, citing State v. Williams (1973), 40 Ohio App.2d 310, paragraph two of syllabus
[6] State v. Ginocchio (1987), 38 Ohio App.3d 105, 106, citingState v. Tripodo (1977), 50 Ohio St.2d 124.
[7] State v. Taylor (Aug. 8, 2002), 7th Dist. App. No. 01-CA-64, 2002-Ohio-4175, ¶ 17; Lichtensteiger, supra; State v. Breedlove
(1988), 46 Ohio App.3d 78, 80; State v. Jones (Nov. 29, 1988), 4th Dist. App. No. 87 CA 9.