JUDGMENT: DISMISSED
 {¶ 1} Appellant, Antonio Evans, appeals from rulings of the common pleas court. Before addressing the merits of appellant's arguments, we first consider whether this court has jurisdiction over the appeal. After thorough review of the record, it is apparent this court does not have jurisdiction, and the appeal must be dismissed.
 {¶ 2} Evans was charged in an 11-count indictment, including: Counts 1-3, aggravated robbery, in violation of R.C. 2911.01; Counts 4-6, kidnapping, in violation of R.C. 2905.01; and Counts 7-9, kidnapping, in violation of an alternative portion of R.C. 2905.01. Firearm specifications attached to each of the first nine counts. The final two counts charged him with drug possession, in violation of R.C. 2925.11, and possession of criminal tools, in violation of R.C. 2923.24.
 {¶ 3} On November 16, 2005, prior to trial, Evans moved to suppress the evidence relating to the final two counts of his indictment and, alternatively, moved to sever and try separately those final two counts. The trial court denied the motion to suppress, but granted the motion to sever.
 {¶ 4} On November 17, 2005, a jury trial commenced on counts 1 through 9 of the indictment. The jury found appellant guilty of aggravated robbery (count one) and kidnapping (counts four, five, and six). He was also found guilty of the firearm specifications, but not guilty of the remaining counts that had been tried before the jury.
 {¶ 5} On December 14, 2005, prior to sentencing and prior to resolution of counts ten and eleven, appellant filed a notice of appeal.
 {¶ 6} On December 29, 2006, he appeared before the trial court and pleaded "no contest" to the severed counts of drug possession and possession of criminal tools. The trial court found him guilty of these charges and sentenced him on all convictions, from both the plea and the jury trial, for a total minimum sentence of six years in prison. The entry of judgment was filed on January 18, 2006.
 {¶ 7} Evans appeals his convictions asserting three assignments of error.[1]
 {¶ 8} App. R. 4 reads in pertinent part: "[a] party shall file the notice of appeal required by App. R. 3 within thirty days of the later of entry of the judgment or order appealed * * *." Furthermore, a judgment of conviction must include the sentence imposed. Crim. R. 32.
 {¶ 9} "Pursuant to Article IV, Section 3(B)(2) of the Constitution of Ohio, the Court of Appeals has jurisdiction to review final orders of inferior courts. R.C. 2505.02 defines a final order as `an order affecting a substantial right in an action which in effect determines the action and prevents a judgment * * *.'
 {¶ 10} "In interpreting R.C. 2505.12 and App. R. 4 * * *, in State v.Tripodo (1977), 50 Ohio St.2d 124, the syllabus reads as follows:
 {¶ 11} "1. An announcement of a decision in a criminal case is not a final appealable order until the entry of judgment thereon is filed with the trial court. (App. R. 4(B).
 {¶ 12} "2. A notice of appeal from an announcement of a decision in a criminal case is premature until the entry of judgment thereon is filed with the trial court.'" State v. Pheanis (1982) Highland App. No. 419, 1-2.
 {¶ 13} Appellant's notice of appeal was filed on December 14, 2005; however, the trial court's entry of judgment in this case was not entered until January 18, 2006. Thus, this appeal was prematurely filed, and we are without jurisdiction to rule on the merits of the appeal at this time.
Appeal dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and CHRISTINE T. McMONAGLE, J., CONCUR
 APPENDIX A
I. The court erred in denying defendant's motion for summary of acquittal as to alleged victim [V.S.]. Her failure to testify precluded any rational factfinder from finding all of the material elements of the offense charged.
II.The court erred in denying defendant's motion for summary of acquittal as to alleged victim [V.S.]. Her failure to testify precluded any rational factfinder from finding all of the material elements of the offense charged.
III.The trial court erred in denying defendant's motion to suppress evidence obtained as a result of the warrantless search of his home without proper consent.
[1] Appellant's assignments of error are included in Appendix A of this Opinion.