{¶ 28} Notwithstanding the fact that the April 26, 2006 judgment entry ("Judgment Entry") appears to be a final appealable order, I would decline to review this case for lack of subject matter jurisdiction. I do not believe the Judgment Entry is a final appealable order because it does not satisfy the requirements of Crim.R. 32(C). See State v.Tripodo (1977), 50 Ohio St.2d 124, 127 (finding the court of appeals to be without subject matter jurisdiction absent a final appealable order where order failed to comply with Crim.R. 32). Crim.R. 32(C) requires that the judgment include a finding of guilt or a statement that the defendant has been found guilty by a jury, if there is a jury verdict. In this case, Defendant pled guilty on January 17, 2006, and the trial court properly heard and accepted the plea, but did not find Defendant guilty. The Judgment Entry entered after sentencing merely states that Defendant has been convicted of endangering children. The Judgment Entry does not comply with Crim.R. 32(C) in that it does not contain a finding of guilt and the sentence. Because the Journal Entry does not satisfy Crim.R. 32(C), it is not a final appealable order, and does not give this court jurisdiction over the claim. *Page 1