JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Akil Edmonds ("appellant"), appeals the decision of the lower court. Having reviewed the arguments of the parties and the pertinent law, we hereby dismiss for lack of a final appealable order.
 I {¶ 2} According to the case, on August 29, 2007, the grand jury returned a four-count indictment against appellant. The four-count indictment charged him as follows: count one, receiving stolen property-motor vehicle with a one-year firearm specification, in violation of R.C. 2913.51, a felony of the fourth degree; count two, carrying a concealed weapon, in violation of R.C. 2923.12, a felony of the fourth degree; count three, having weapons while under disability, in violation of R.C. 2923.13, a felony of the third degree; and count four, possession of criminal tools, in violation of R.C. 2923.24, a felony of the fifth degree.
 {¶ 3} Appellant waived trial before a jury on November 15, 2007, and the case proceeded to a trial before the lower court. Appellant and the state entered stipulations to the appellant's prior conviction in count three; the operability of the firearm; the authenticity and admissibility of the title to the vehicle; and the negative test results as a controlled substance for the pills found on the appellant at the time of arrest. The lower court granted appellant's motion for acquittal under Crim. R. 29 for count four only. On November 16, 2007, appellant was found guilty of counts two and three and not guilty of count one. On December 17, the lower court sentenced appellant to a term of imprisonment of six months on count two and one year on *Page 4 
count three, running consecutive to each other, for an aggregate sentence of eighteen months.
 {¶ 4} Patrolman Lawrence Smith of the Cleveland Police Department testified that he stopped appellant on August 18, 2007 after observing appellant weaving in and out of traffic with a broken rear window covered in plastic. Appellant was removed from the vehicle and found to be wearing an empty holster on his right side attached to his belt loop. Appellant was also wearing a bulletproof vest.
 {¶ 5} Officer Smith testified that he observed Officer Mazur remove a firearm from the vehicle, and he identified it in court as a "chief's special" Smith and Wesson. Officer Mazur further testified that the gun was loaded with a round in the chamber when he recovered it. Officer Mazur, pursuant to departmental procedure, cleared the firearm to render it safe. Officer Mazur also stated that he located suspected Ecstasy pills behind an ashtray behind the center console. After the gun was located by Officer Mazur in the car, appellant said to just take him to jail.[1] Appellant now appeals.
 II {¶ 6} Appellant's first assignment of error provides the following: "The evidence was insufficient as a matter of law to support a finding beyond a reasonable doubt that appellant was guilty of carrying a concealed weapon and having a weapon while under disability." *Page 5 
 {¶ 7} Appellant's second assignment of error provides the following: "Appellant's convictions for carrying a concealed weapon and having a weapon while under disability were against the manifest weight of the evidence."
 III {¶ 8} The jury in the case at bar found appellant not guilty on count one, and the trial court granted a directed verdict on count four. These findings are not manifested in the final sentencing entry. UnderState v. Baker, 119 Ohio St.3d 197, 2008-Ohio-3330, and Crim. R. 32(C), the final sentencing entry must contain those elements in order to be a final appealable order.
 {¶ 9} A court of appeals has no jurisdiction over orders that are not final and appealable. Section 3(B)(2), Article IV, Ohio Constitution ("[c]ourts of appeals shall have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district ***"). See, also, R.C. 2953.02. The Ohio Supreme Court has previously determined that "in order to decide whether an order issued by a trial court in a criminal proceeding is a reviewable final order, appellate courts should apply the definitions of `final order' contained in R.C. 2505.02." State v. Muncie, 91 Ohio St.3d 440, 444, 2001-Ohio-93,746 N.E.2d 1092, citing State ex rel. Leis v. Kraft (1984),10 Ohio St.3d 34, 36, 10 OBR 237, 460 N.E.2d 1372. R.C. 2505.02(B) provides, in part,
 "An order is a final order that may be reviewed, affirmed, modified or reversed, with or without retrial, when it is one of the following: *Page 6 
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
Undoubtedly, a judgment of conviction qualifies as an order that affects a substantial right and determines the action and prevents a judgment in favor of the defendant.
 {¶ 10} In entering a final appealable order in a criminal case, the trial court must comply with Crim. R. 32(C), which states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Journalization of the judgment of conviction pursuant to Crim. R. 32(C) starts the 30-day appellate clock ticking. App. R. 4(A); see, also, State v. Tripodo (1977), 50 Ohio St.2d 124, 4 O.O.3d 280, 363 N.E.2d 719.
 {¶ 11} Only one document can constitute a final appealable order. "[Crim. R. 32(C)] now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk." Id.
 {¶ 12} We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) the time stamp showing journalization by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence. State v. Baker, 119 Ohio St.3d 197. *Page 7 
 {¶ 13} Courts have interpreted the requirements of Crim. R. 32(C) as imposing a mandatory duty on a trial court to deal with each and every charge prosecuted against a defendant, and the failure of a trial court to comply rendered the judgment of the trial court substantively deficient under Rule 32(C), and such a deficient journal entry was not a final, appealable order. State v. Goodwin, Summit App. No. 23337,2007-Ohio-2343.
 {¶ 14} The journal entry that did not include a finding defendant was guilty and stated that defendant pled guilty on rape, gross sexual imposition, and kidnapping charges when, in fact, defendant pled no contest to the charges, did not satisfy the requirements of Crim. R. 32(C) and, thus, the journal entry did not constitute a final and appealable order. State v. Dobrski, Lorain App. No. 06CA008925,2007-Ohio-3121.
 {¶ 15} Pursuant to Section 3(B)(2), Article IV, Ohio Constitution, the appellate court was without jurisdiction to consider the merits of defendant's appeal because the trial court's judgment entry was not a final appealable order where it did not satisfy Crim. R. 32(C)' s requirement that the judgment of conviction set forth the plea, the verdict or findings, and the sentence. State v. Salupo, Lorain App. No. 06CA009069, 2007-Ohio-3303.
 {¶ 16} In the case at bar, the final sentencing entry, journalized on December 21, 2007, states the following:
 "DEFENDANT IN COURT. COUNSEL STANLEY E. TOLLIVER PRESENT. COURT REPORTER PRESENT. ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF *Page 8 
CARRYING CONCEALED WEAPONS 2923.12 A(2) F4 WITH FORFEITURE SPECIFICATION (2941.1417) AS CHARGED IN COUNT(S) 2 OF THE INDICTMENT. ON A FORMER DAY OF COURT THE COURT FOUND THE DEFENDANT GUILTY OF HAVING WEAPONS WHILE UNDER DISABILITY 2923.13 A(3) F3 AS CHARGED IN COUNT(S) 3 OF THE INDICTMENT. DEFENDANT ADDRESSES THE COURT, PROSECUTOR ADDRESSES THE COURT, VICTIM/REP ADDRESSES THE COURT. THE COURT CONSIDERED ALL REQUIRED FACTORS OF THE LAW. THE COURT FINDS THAT PRISON IS CONSISTENT WITH THE PURPOSE OF R.C. 2929.11. THE COURT IMPOSES A PRISON SENTENCE AT THE LORAIN CORRECTIONAL INSTITUTION OF 18 MONTH(S). SENTENCED TO 6 MONTHS ON COUNT 2; 1 YEAR ON COUNT 3. COUNTS TO RUN CONSECUTIVE TO EACH OTHER. POST RELEASE CONTROL IS PART OF THIS PRISON SENTENCE FOR 3 YEARS FOR THE ABOVE FELONY(S) UNDER R.C. 2967.28. JAIL CREDIT DAYS TO DATE TO BE CALCULATED BY THE SHERIFF. DEFENDANT ADVISED OF APPEAL RIGHTS. TRANSCRIPT AT STATE'S EXPENSE. ORAL MOTION TO APPLY FORFEITED MONEY TO COURT COSTS IS GRANTED. $1,000.00 FINE IS WAIVED. DEFENDANT IS TO PAY COURT COSTS. DEFENDANT REMANDED. SHERIFF ORDERED TO TRANSPORT DEFENDANT AKIL EDMONDS, DOB: 11/24/1983, GENDER: MALE, RACE: BLACK. 12/17/2007 CPSAM 12/18/2007 08:49:00."
 {¶ 17} As previously stated, the jury in the case at bar found appellant not guilty on count one, and the trial court granted a directed verdict on count four. However, these findings were not manifested in the final sentencing entry. Under State v. Baker,119 Ohio St.3d 197 and Crim. R. 32(C), the final sentencing entry must contain those elements in order to be a final appealable order.
 {¶ 18} According, this case is dismissed for lack of final appealable order and remanded back to the trial court.
It is ordered that appellant recover from appellee costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this *Page 9 
judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., and PATRICIA ANN BLACKMON, J., CONCUR
[1] Tr. 80-81. *Page 1