[Cite as *State v. Pishok*, 2012-Ohio-409.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,                 CASE NO. 13-11-22

    v.

DAVID J. PISHOK,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Seneca County Common Pleas Court
Trial Court No. 01-CR-0188

Judgment Affirmed

Date of Decision:   February 6, 2012

APPEARANCES:

    *David J. Pishok,* Appellant

    *John M. Kahler, II* for Appellant

    *Derek W. DeVine and Rhonda L. Best* for Appellee

**SHAW, J.**

{¶1} Defendant–appellant, David J. Pishok ("Pishok"), appeals the November 23, 2010 Judgment Entry of the Seneca County Court of Common Pleas, resentencing him to correct an error in the imposition of post-release control.

{¶2} In July 2001, the Seneca County Grand Jury returned a nine-count indictment against Pishok for various felonies associated with the armed robbery of The Gallery antique store in Tiffin, Ohio. Pishok pled guilty to seven of the nine criminal charges contained in the indictment, without any specifications. The guilty plea was a negotiated plea, which further contained a sentencing recommendation. Pishok was sentenced on January 15, 2002, to an aggregate sentence of twenty-one years in prison.

{¶3} Pishok's attorney failed to file a timely appeal, but Pishok did file a petition for post-conviction relief with the trial court.

{¶4} On June 4, 2003, the trial court granted one ground for relief and resentenced Pishok, which allowed him to file a direct appeal. In his first appeal, Pishok asserted five assignments of error, including claims that he was denied the right to a speedy trial, that he had ineffective assistance of counsel, and that his guilty plea was not knowingly and voluntarily entered. We overruled all five

assignments of error and affirmed. See *State v. Pishok*, 3rd Dist. No. 13–03–43, 2003–Ohio–7118.

{¶5} On November 6, 2003, while his appeal was pending, Pishok filed a second petition for post-conviction relief. The trial court dismissed the petition without a hearing on March 10, 2005. Pishok appealed from that dismissal. On October 17, 2005, we affirmed the judgment of the trial court dismissing the petition for post-conviction relief. See *State v. Pishok*, 3rd Dist. No. 13–05–11, 2005–Ohio–5467.

{¶6} On January 29, 2008, Pishok filed a motion to withdraw his guilty plea, claiming a manifest injustice. The trial court denied the motion without a hearing. Pishok appealed and this Court affirmed the trial court's decision. See *State v. Pishok*, 3rd Dist. No. 13–08–05, 2008–Ohio–3230.

{¶7} Pishok has also filed several other appeals to the Supreme Court of Ohio and petitions for a writ of habeas corpus, all of which have been denied.

{¶8} On March 10, 2010, Pishok filed a motion for a resentencing hearing pertaining to the matter of improper notification of post-release control. The trial court denied the motion for the resentencing hearing. Pishok appealed and, on September 7, 2010, this Court sustained the first assignment of error and remanded the case to the trial court for a resentencing hearing so that Pishok could be

properly notified of post-release control. *State v. Pishok,* 3rd Dist. No. 13–10–12, Sept. 7, 2010.

{¶9} On November 10, 2010, the trial court held a resentencing hearing. On November 23, 2010, the trial court filed its "Judgment Entry of Sentence," imposing the same sentence as in his original judgment entry of sentencing, but properly informing Pishok as to post-release control, and giving him credit for all of the time served to date.

{¶10} On December 3, 2010, Pishok's counsel filed a "Motion to Correct Sentencing Entry," pointing out that there were four typographical errors in the November 23, 2010 Judgment Entry. On December 13, 2010, the State filed a "Response to Motion to Correct Sentencing Entry," stating that it had no objection to the motion to correct the sentencing entry, and added that there was an additional typographical error that needed to be corrected.

{¶11} On December 20, 2010, the trial court filed a Nunc Pro Tunc to the November 23, 2010 Judgment Entry correcting the typographical errors and highlighting those corrections in bold-faced type. There were no other changes to the judgment entry and no substantive changes were made other than the correction of the clerical errors.

{¶12} On January 18, 2011, Pishok's counsel filed his notice of appeal "from the judgment entry of the Seneca County Court of Common Pleas entered on December 20, 2010."

{¶13} On June 27, 2011, this Court dismissed Pishok's appeal as untimely because his notice of appeal was filed outside of the thirty day timeframe from the November 23, 2010 Judgment Entry of Sentence. In our decision, we noted that the trial court's December 20, 2010 Nunc Pro Tunc entry applied retrospectively to the November 23, 2010 judgment, which it corrected.

{¶14} Pishok's counsel subsequently filed a motion for a delayed appeal citing attorney error, which this Court granted. Pishok now appeals the November 23, 2010 Judgment Entry, as corrected by the December 20, 2010 Nunc Pro Tunc entry, asserting the following assignments of error.

### ASSIGNMENT OF ERROR NO. I

**THE THIRD DISTRICT COURT OF APPEALS WAS WITHOUT JURISDICTION TO CONSIDER THE MERITS OF THE DEFENDANT-APPELLANT'S PRIOR DIRECT APPEAL IN STATE v. PISHOK (DEC. 29, 2003), SENECA APP. 13-03-43, 2003-OHIO-7118, BECAUSE THE TRIAL COURT'S JUDGMENT ENTRY OF SENTENCE WAS NOT A FINAL, APPEALABLE ORDER WHERE IT DID NOT SATISFY OHIO CRIMINAL RULE 32(C)'S REQUIREMENT THAT THE JUDGMENT OR CONVICTION SET FORTH THE GUILTY PLEA, THE JURY VERDICT, OR THE FINDING OF THE COURT UPON WHICH HIS CONVICTIONS WERE BASED.**

## ASSIGNMENT OF ERROR NO. II

**DEFENDANT-APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS DENIED A FAIR AND IMPARTIAL HEARING ON HIS MOTION TO DISMISS FOR STATUTORY SPEEDY TRIAL VIOLATION PURSUANT TO R.C. §2945.71(C)(2) AND (E), BY AND THROUGH CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL, WHEN TRIAL COUNSEL FAILED TO PRODUCE AND SUBMIT INTO EVIDENCE AT THE HEARING, READILY OBTAINABLE LEGAL AUTHORITY THAT WAS FAVORABLY DISPOSITIVE TO HIS SPEEDY TRIAL ISSUE.**

## ASSIGNMENT OF ERROR NO. III

**DEFENDANT-APPELLANT'S GUILTY PLEA WAS NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED IN VIOLATION OF THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, DUE TO TRIAL COUNSEL'S INEFFECTIVE ASSISTANCE IN MISREPRESENTING BASIC LEGAL PRINCIPLE THAT HE COULD PLEAD GUILTY AND STILL APPEAL HIS SPEEDY TRIAL ISSUE, THAT IN AFFECT [SIC], EFFECTIVELY INDUCED THE DEFENDANT-APPELLANT INTO AN UNCOUNSELED GUILTY PLEA.**

{¶15} For ease of discussion, we elect to address Pishok's assignments of error together.

*First, Second and Third Assignments of Error*

{¶16} In his first assignment of error, Pishok raises a threshold issue which will determine our approach in addressing his second and third assignments of

error. Specifically, Pishok argues that the trial court's June 4, 2003 Judgment Entry imposing his conviction and sentence failed to comply with Crim.R. 32(C) because the trial court used the words *"was convicted"* rather than specifying that Pishok *pled guilty* to the charges. In support of his argument, Pishok cites *State v. Baker*, 119 Ohio St. 3d 197, 2008-Ohio-3330, 893 N.E.2d 163, to contend that the trial court's June 4, 2003 Judgment Entry was not a final appealable order because it did not specify how he was convicted. Pishok now maintains that this Court was without jurisdiction to hear his original appeal from that judgment in 2003.

{¶17} Pishok contends that this current appeal should be treated as the first appeal of the judgment of his conviction and sentence because the trial court's November 23, 2010 Judgment Entry was the first order imposing his sentence which complied with Crim.R 32(C). In essence, Pishok is now attempting to breathe new life into an appeal that has already been decided by this Court on its merits nearly eight years ago. However, Pishok misconstrues the magnitude of *Baker's* effect on the original June 4, 2003 Judgment Entry imposing his conviction and sentence.

{¶18} Recently, in *State v. Lester*, --Ohio St.3d--, 2011-Ohio-5204, the Supreme Court of Ohio explained that the overriding purpose of Crim.R. 32(C) is "to ensure that a defendant is on notice concerning when a final judgment has been entered and the time for filing an appeal has begun to run." *Id*. at ¶ 10 citing *State*

-7-

*v. Tripodo* (1977), 50 Ohio St.2d 124, 127, 363 N.E.2d 719; App.R. 4(A). The Supreme Court then modified its holding in *Baker* stating "that a judgment of conviction is a final order subject to appeal under R.C. 2505.02 when the judgment entry sets forth (1) *the fact of the conviction*, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk. *Id*. at ¶ 14. (Emphasis added). The Supreme Court found in *Lester* that a judgment of conviction and sentence which simply states that the defendant had been convicted of an offense without specifying how the defendant was convicted satisfies the first requirement of Crim.R. 32(C) by including the "*fact of conviction*."

{¶19} In applying the foregoing principle to the instant case, the June 4, 2003 Judgment Entry of conviction and sentence was a final appealable order under Crim.R. 32(C) because it contained all the necessary requirements discussed in *Lester*, including the fact that Pishok was convicted of the offenses. Accordingly, the Court was vested with jurisdiction to hear Pishok's appeal from that judgment and to decide the case on its merits. Therefore, Pishok's first assignment of error is overruled.

{¶20} Pishok's second and third assignments of error are predicated on his misconception that the June 4, 2003 Judgment Entry of conviction and sentence was not a final appealable order and that this is his "first appeal" of that decision.

However, for the reasons previously discussed and because Pishok raised these same issues in his first appeal of his judgment of conviction and sentence in 2003, we conclude that Pishok's claims are now barred by res judicata. Pishok's second and third assignments of error are overruled.

{¶21} Based on the foregoing, the judgment of the Seneca County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**