[Cite as *State v. Walker*, 2012-Ohio-2523.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

   Plaintiff-Appellee

-vs-

GARY D. WALKER

   Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. William B. Hoffman, J.
Hon. Sheila G. Farmer, J.

Case No. 12CA0001

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Richland County Common Pleas Court, Case No. 2009CR00052D |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | June 6, 2012 |

APPEARANCES:

For Plaintiff-Appellee

KEN EGBERT, JR.
Special Prosecuting Attorney
One Government Center, #1340
Toledo, Ohio 43604

For Defendant-Appellant

GARY D. WALKER
Inmate No. 554-324
c/o Richland Correctional Inst.
1001 Olivesburg Road
Mansfield, Ohio 44901

*Hoffman, J.*

{¶1} Defendant-appellant Gary D. Walker appeals his sentence entered by the Richland County Court of Common Pleas. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE

{¶2} After the commencement of a jury trial in the Richland County Court of Common Pleas, Appellant indicated he would change his pleas to forty-seven felony counts, including engaging in a pattern of corrupt activity, forgery, and theft, with forfeiture specifications. The trial court conducted a change of plea hearing outside the presence of the jury and accepted Appellant's pleas of guilty. The trial court then sentenced Appellant to a total of twelve years in prison. The sentencing entry included an order Appellant serve three years of mandatory post release control.

{¶3} Appellant filed a notice of appeal from his 2009 convictions and sentence on July 1, 2009. However, on September 24, 2009, this Court dismissed the appeal upon Appellant's motion.

{¶4} On September 28, 2009, Appellant filed a pro se "motion for sentencing," claiming the trial court had not properly advised him of the consequences of post-release control violations.

{¶5} On December 7, 2009, Appellant filed an "urgent motion to take judicial notice," apparently seeking resentencing.

{¶6} On December 30, 2009, the trial court conducted a video conference hearing to notify Appellant of his PRC obligations. The next day, December 31, 2009, Appellant filed a motion to withdraw his guilty pleas, citing Crim.R. 32.1. He subsequently added a memorandum in support thereof.

{¶7} On January 14, 2010, Appellant filed a motion to dismiss counts two through thirty-four of his indictment, alleging lack of jurisdiction of the grand jury.

{¶8} On March 24, 2010, the trial court denied Appellant's motion to withdraw guilty pleas. Appellant did not appeal that denial.

{¶9} On April 12, 2010, Appellant filed a "motion for final judgment," asserting the trial court had not disposed of the odd-numbered counts in the indictment (three through forty-three), as well as, two other counts in the indictment (forty-four and forty-six).

{¶10} In the interim, the trial court had yet to issue a written judgment entry addressing the results of the PRC video hearing of December 30, 2009. Accordingly, on July 28, 2010, the trial court issued a judgment entry stating, inter alia, Appellant "has been notified personally of the consequences of a post-release control violation pursuant to R.C. 2929.19(B)(3)(e) * * *."

{¶11} On August 27, 2010, Appellant filed a "motion for re-sentencing to correct void sentence."

{¶12} On September 7, 2010, the trial court filed an amended sentencing entry. This entry was virtually identical to the sentencing entry of June 2, 2009, but it specified, per the agreement of the parties at the 2009 change of plea hearing, each odd-numbered count (three through forty-three) was merged into its preceding even-numbered count. Count forty-four was dismissed, while count forty-six was merged into count forty-five.

{¶13} On September 28, 2010, Appellant filed a notice of appeal of the September 7, 2010 amended sentencing entry.

{¶14} Via Opinion and Judgment Entry of August 10, 2011, this Court held the issues raised on appeal were barred under the doctrine of res judicata. *State v. Walker*, No. 10 CA 116, 2011-Ohio-4005.

{¶15} Appellant now appeals the original June 2, 2009 Sentencing Entry and the September 7, 2010 Amended Sentencing Entry assigning as error:

{¶16} "I. THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE A FINAL, APPEALABLE ORDER THAT SET FORTH THE FOUR SUBSTANTIAL PROVISION [SIC] PURSUANT TO STATE V. LESTER, 2011-OHIO-5204, 2011 WL 4862414, WITH RESPECT TO FORFEITURE SPECIFICATION ON [SIC] OF APPELLANT'S INDICTMENT.

{¶17} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE A FINAL, APPEALABLE ORDER THAT SET FORTH THE FOUR SUBSTANTIAL PROVISIONS PURSUANT TO STATE V. LESTER, 2011-OHIO-5204, 2011 WL 4862414, WITH RESPECT TO FORFEITURE SPECIFICATION TWO OF APPELLANT'S INDICTMENT.

{¶18} "III. THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE A FINAL, APPEALABLE ORDER THAT SET FORTH THE FOUR SUBSTANTIAL PROVISIONS PURSUANT TO STATE V. LESTER, 2011-OHIO-5204, 2011 WL 4862414, WITH RESPECT TO FORFEITURE SPECIFICATION THREE OF APPELLANT'S INDICTMENT.

{¶19} "IV. THE TRIAL COURT ERRED WHEN IT FAILED TO ISSUE A FINAL, APPEALABLE ORDER WITH RESPEC [SIC] TO THE ODD NUMBER COUNTS IN APPELLANT'S INDICTMENT, THEREBY VIOLATING STATE V. BAKER, 119 OHIO ST.3d 197, 2008-OHIO-3330.

**{¶20}** "V. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A REVISED SENTENCING ENTRY, WITH RESPECT TO ISSUEING [SIC] A FINAL, APPEALABLER [SIC] ORDER IN REGARDS TO THE FEES TO BE IMPOSED UNDER R.C. 2929.18."

I, II, III.

**{¶21}** Appellant's first, second, and third assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶22}** In entering a final appealable order in a criminal case, the trial court must comply with Crim.R. 32(C), which states: "A judgment of conviction shall set forth the plea, the verdict or findings, and the sentence. If the defendant is found not guilty or for any other reason is entitled to be discharged, the court shall render judgment accordingly. The judge shall sign the judgment and the clerk shall enter it on the journal. A judgment is effective only when entered on the journal by the clerk." Journalization of the judgment of conviction pursuant to Crim.R. 32(C) starts the 30–day appellate clock ticking. App.R. 4(A); see also *State v. Tripodo* (1977), 50 Ohio St.2d 124, 4 O.O.3d 280, 363 N.E.2d 719.

**{¶23}** In *State v. Baker* 119 Ohio St.3d 197, 2008-Ohio-3330, the Ohio Supreme Court held,

**{¶24}** "We now hold that a judgment of conviction is a final appealable order under R.C. 2502.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence."

**{¶25}** Appellant asserts the trial court's original June 2, 2009 and amended September 7, 2010 sentencing entries are not final appealable orders under the holdings of *State v. Baker* and *State v. Lester* 130 Ohio St.3d 303, 2011-Ohio-5204, because the trial court failed include all the substantial provisions of the sentence, specifically the forfeiture specifications.

**{¶26}** In *State v. Lester*, 130 Ohio St. 303, 2011-Ohio-5204, the Ohio Supreme Court held,

**{¶27}** "When the substantive provisions of [Criminal Rule 32(C)] are contained in the judgment of conviction, namely, the fact of conviction, the sentence, the judge's signature, and the entry on the journal by the clerk, the trial court's omission of how the defendant's conviction was effected, i.e., the 'manner of conviction' does not prevent the judgment of conviction from being an order that is final and subject to appeal; language as to manner of conviction is required only as a matter of form, provided the entry includes all substantive provisions."

**{¶28}** The Indictment herein reads, "Count I, Engaging in a Pattern of Corrupt Activity" and contains three specifications as to Count 1. Each specification subjects a different vehicle to forfeiture under Count 1, each vehicle having been involved in the offense of Engaging a Pattern of Corrupt Activity under Count 1.

**{¶29}** The June 2, 2009 Sentencing Entry states as part of the sentence, Appellant "shall forfeit 3 vehicles according to the indictment."

**{¶30}** The September 7, 2010 Amended Sentencing Entry states, "The defendant shall…forfeit 3 vehicles according to his conviction for the Forfeiture Specification attached to Court 1 of the indictment."

**{¶31}** While the Amended Entry should properly read "Forfeiture Specification(s)", we find both the June 2, 2009 sentencing entry and the September 7, 2010 amended sentencing entry substantively set forth the sentence in conformity with Criminal Rule 32(C) and Baker's one document rule. See *Lester*, supra.

**{¶32}** This case is distinguishable from the decision of the Third District in *State v. Shults,* No. 13-10-42, August 29, 2011, wherein the trial court did not make the forfeiture order part of the original judgment entry of sentence.

**{¶33}** We conclude the June 2, 2009 and September 7, 2010 sentencing entries were final and appealable orders.

**{¶34}** Accordingly, Appellant's first, second, and third assignments of error are overruled.

IV, V.

**{¶35}** Upon review of Appellant's fourth and fifth assignments of error, the arguments include issues which were previously raised or could have been previously raised in prior proceedings before this Court. Therefore, we find the arguments raised therein are barred from further consideration under the doctrine of res judicata.

**{¶36}** The fourth and fifth assignments of error are overruled.

{¶37} Appellant's sentence in the Richland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Farmer, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GARY D. WALKER | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12CA0001 |

For the reasons stated in our accompanying Opinion, Appellant's sentence in the Richland County Court of Common Pleas is affirmed. Costs to Appellant.

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER